## MALCOLM E. LORD vs. JOSEPH LAMONTE.

First Judicial District, Hartford, May Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The general rule of law applicable to all travelers on the highway, whether in vehicles or on foot, is that each must use reasonable care to avoid being injured himself and to avoid doing injury to others.

In cases of this character, when both the measure or standard of duty and the question of its performance are so dependent on the peculiar circumstances as to be inseparable, the conclusion of the trial court as to negligence and contributory negligence is decisive and cannot be reviewed by this court upon appeal.

It is the duty of the trial judge to certify evidence which is claimed to be material in support of exceptions to the finding.

Submitted on briefs May 4th—decided June 1st, 1899.

ACTION to recover damages for personal injuries claimed to have been caused by the negligence of the defendant's servant, brought to the City Court of Hartford and tried to the court, *Morse, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Albert C. Bill* and *Joseph P. Tuttle*, for the appellant (plaintiff).

*James J. Quinn* and *Josiah W. Levy*, for the appellee (defendant).

ANDREWS, C. J.   This was a case appealed from the City Court of Hartford.   The complaint alleged that on the 19th day of September, 1898, the plaintiff was riding a bicycle in a southerly direction along Main street in the city of Hartford, using due care ; that on said day a servant of the defendant, with a team belonging to the defendant and engaged in the defendant's business, was driving in a northerly direction along said street; that at a part of said street near Pratt street the defendant's said servant carelessly and negligently drove said team against the plaintiff, thereby throwing the plaintiff from his bicycle and injuring him, and damaging the bicycle.   The plaintiff claimed $600 damages.   The defendant denied all the averments of the complaint.   The case was tried to the court and judgment was rendered for the defendant.   The court found and held that the plaintiff was not using due care at the time of the collision, and therefore, notwithstanding the negligence of the defendant, not entitled to recover.   This finding was made upon evidence to which no objection was taken, and it seems to be decisive of the case.

The law does not attempt to fix any definite degree of care which a traveler must exercise on one part of a highway and which he may omit on another part.   It adopts one general rule applicable to all travelers, on all parts of the highway, at all times, with whatever vehicle, or on foot.   It is this : that all travelers on a highway must use reasonable care to avoid being injured themselves and to avoid doing injury to others.   This rule assumes that in dangerous circumstances higher care will be exercised than when there is little danger; it being in accordance with all experience that a rea-

sonable man always conducts himself in that way. And in all such cases, when both the measure of the duty and whether or not the duty has been performed, are so dependent on the peculiar circumstances of the case as to be inseparable, the conclusion of the trial court cannot be revised by this court.

This rule has been stated and restated so many times, and so recently, that there can be no need of doing more than to refer to some of the more recent cases. *O'Neil* v. *East Windsor*, 63 Conn. 154; *Rowen* v. *New York, N. H. & H. R. Co.*, 59 id. 364, 371; *Farrell* v. *Waterbury Horse R. Co.*, 60 id. 239, 257; *Peltier* v. *Bradley, D. &. C. Co.*, 67 id. 42.

We agree with the counsel for the plaintiff, that the trial court should have certified the evidence. The statute made it his duty to do so. The remedy was, however, not by an assignment of error, but by taking the proper steps to compel that court to make or complete the finding. A mandamus would have done it, or, perhaps, an application to this court for a suitable order.

There is no error.

In this opinion the other judges concurred.