ANNA A. COTTLE, ADMINISTRATRIX, *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, Bridgeport, April Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A traveler approaching a dangerous railroad crossing is bound to exercise care proportioned to the danger. While he may rely to some extent on the fact that no whistle is blown or bell rung, this will not excuse him from using his senses to discover whether the track is clear, when he reaches a point where it can be seen for a considerable distance. If he fails to do this, and no explanatory evidence is offered tending to show that nevertheless he was in the exercise of due care, he does not sustain the burden which rests upon him and is properly nonsuited in an action against the railroad company to recover damages for a personal injury.

Upon an appeal from the refusal to set aside a judgment of nonsuit, the trial court is not obliged to state the evidence produced in behalf of the plaintiff unless furnished with a transcript or copy thereof at the expense of the appellant.

Submitted on briefs April 16th—decided May 6th, 1909.

ACTION by an administratrix for damages for negligence

causing the death of her intestate, brought to the Superior Court in New Haven County and tried to the jury before *Bennett, J.* At the close of the plaintiff's evidence a non-suit was granted, under General Statutes, § 761, and a motion to set it aside was afterward denied. *No error.*

*Nathaniel R. Bronson* and *Lawrence L. Lewis,* for the appellant (plaintiff).

*John P. Kellogg* and *Joseph F. Berry,* for the appellee (defendant).

BALDWIN, C. J. The plaintiff's evidence presented this case:—

The intestate, while driving, in the town where he had long resided, on the highway at a point where it was crossed at grade by the defendant's railroad, was struck and killed by a train consisting of two cars and a locomotive with its tender. The train had just come around a curve, and was going at a speed of some thirty miles an hour, headed by the tender. The crossing was a dangerous one. The view of the track to one driving toward it on the highway was obstructed by a hill and a bank wall between the track and the highway, extending back from a point near the crossing for several rods along the highway. One approaching the crossing in the direction in which the intestate was going could not see any considerable distance up the track on which the train was being run, until he was some twenty-five or thirty feet from it. The hill also, if the wind is from a certain quarter, often prevents one in the highway near it from hearing the locomotive whistle, when sounded on an approaching train.

The intestate was driving a light wagon at a speed of five to seven miles an hour, and when his horse's head was two or three feet from the track first observed the approaching train. He then tried to pull up the horse, but a

collision was inevitable, and he was instantly killed. When he was from thirty to sixty feet from the track, two men sitting by the road side heard the rumble of the coming train, and called to him to stop. He turned to them with a bow and smile, apparently not understanding what they said, and did not slacken speed.

The signals by bell or whistle of the approach of the train, required by General Statutes, § 3787, were not given.

Assuming the facts to be as thus stated, negligence on the part of the defendant was established; but the burden which lay on the plaintiff of proving the absence of contributory negligence on the part of her intestate was plainly not satisfied. *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 71 Atl. 553. A traveler approaching a crossing so dangerous in character is bound to exercise a care proportioned to the danger. While the intestate had a right to rely to some extent on the fact that no bell was being sounded or whistle blown, this did not excuse him from either looking or listening to ascertain whether a train might not be coming, when he reached a point where the track could be seen for a considerable distance. *Dundon* v. *New York, N. H. & H. R. Co.*, 67 Conn. 266, 272, 34 Atl. 1041. Nor was he excused by the circumstance that, as he came near to it, his attention was distracted by the cries of the man by the road side. The fact remains that he drove rapidly on the track, without in any way using his senses to discover whether it was clear, when looking or listening or stopping would probably have prevented a collision; and that no evidence was produced which could legitimately be considered as showing that nevertheless he was in the exercise of due care in thus putting himself in the path of the coming train. *Fay* v. *Hartford & Springfield Street Ry. Co.*, 81 Conn. 330, 337, 71 Atl. 364.

The question is not that which might be presented on a hearing in damages after a default, as in *Norris* v. *New York, N. H. & H. R. Co.*, 78 Conn. 314, 318, 61 Atl. 1075,

whether, under the circumstances, there might have been such evidence. The judgment of the court below is justified by the fact that none such was produced. The case was one to call for it, if it existed. When the plaintiff rested, she had therefore not sustained the burden of proving the essential fact that the intestate was in the exercise of due care in placing himself in the position in which he met his death. *Popke* v. *New York, N. H. & H. R. Co.,* 81 Conn. 724, 71 Atl. 1098.

It is also further assigned as error that the Superior Court denied a motion of the plaintiff to state the evidence which she had produced, for the purposes of the appeal. Subsequently it did state it. The reason for denying the motion is not given in the record. It could properly have been denied if the appellant failed to furnish the court, at her own expense, with a statement of such evidence. We infer from her brief that such was the case, and such is also the fair presumption in support of the judgment. Whether, therefore, had a statement of the evidence been furnished to the court, in connection with the motion, its denial could have been assigned for error, there is no occasion to consider. *Lord* v. *Lamonte,* 72 Conn. 37, 39, 43 Atl. 491; *Lynahan* v. *Church,* 82 Conn. 132, 72 Atl. 726.

There is no error.

In this opinion the other judges concurred.