Bauer v. Griess.

BESS M. BAUER, ADMINISTRATRIX, APPELLEE, V. JOHN G. GRIESS, APPELLANT.

FILED DECEMBER 23, 1920.    No. 21093.

1. **Appeal: ACTION FOR DEATH: LIFE EXPECTANCY OF BENEFICIARY.** When in a suit by a wife for the death of her husband his life expectancy is affirmatively shown, but no proof is made of the age or life expectancy of the wife, but she is a witness before the jury, and the lack of proof as to her age and expectancy is raised for the first time on appeal, the court will assume that the jury took into account the apparent age and expectancy of the wife.

2. **Negligence: AUTOMOBILE: INJURY TO GUEST.** The owner of an automobile who invites another to ride with him as a guest, the invitation being accepted, does not thereby become the insurer of the safety of the guest, but he is bound to use ordinary care not to increase the danger to the guest by fast and reckless driving.

3. **Instructions** examined, and *held* free from error.

APPEAL from the district court for Clay county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Ambrose C. Epperson, Charles H. Sloan, Frank W. Sloan* and *Thomas J. Keenan,* for appellant.

*Reese & Stout, contra.*

Morrissey, C. J.

Plaintiff, as administratrix of the estate of her deceased husband, Charles J. Bauer, recovered a judgment for $5,000 in the district court for Clay county against defendant, who appeals.

October 8, 1916, defendant, and his family, being about to take a pleasure ride in defendant's automobile, invited plaintiff and her husband to accompany them. While they were driving along a main highway, a man named Mitchell drove by them, or attempted to do so. It is claimed by plaintiff that, at the suggestion of defendant's wife, defendant increased the speed of the car and drove it in a reckless and dangerous manner; on behalf of defendant it is claimed that the speed of the car was increased to comply with the expressed wish of the guests. In any event the evidence is clear that the speed of the car was accelerated. Defendant drove his car too far to the left side of the beaten tread of the road, thereby striking a small ditch extending from the end of a culvert. It is not made entirely clear whether this directly resulted in the collapse of one of the front wheels of the car or whether it merely caused the driver to momentarily lose control of his car. The car was upset, and plaintiff's intestate and one of defendant's children sustained injuries from which they died. It is stated in the brief of appellant in enumerating the controverted facts that proof was made of the life expectancy of deceased, but no proof was made of plaintiff's life expectancy, or the life expectancy of deceased's father or mother, for whose benefit the suit is also brought.

No evidence was offered to show that deceased had ever contributed anything to the support of either his father or mother, or that he might ever be called upon to do so. But the record shows affirmatively that he had used his entire income for the support of himself and wife. He had for

the past several years preceding his death earned $100 a month in the United States mail service.   In addition to his work in the mail service he and his wife operated a picture show, the earnings of which are claimed to have been $250 a month.   The record as to the net income from the picture show is indefinite and unsatisfactory, but the earnings definitely shown, owing to decedent's long life expectancy, is sufficient to sustain the judgment.   A more serious question is perhaps presented because of the failure to prove the life expectancy of plaintiff.   Deceased had a life expectancy of 30 years.   The proper practice would require proof of the wife's expectancy.   But she testified before the jury and they were able to form some judgment of her expectancy.   Furthermore, when the point is not brought to the attention of the trial court, but is raised for the first time on appeal, the court will assume that the wife was not older than her husband, and that her life expectancy was equal to his.

The real point pressed for our consideration has to do with the rule under which liability may attach where one invites another to ride in his automobile, as a guest, and the guest is injured.   Appellant contends that under such circumstances the owner of the car is not liable unless it is shown that he is guilty of gross negligence.

The court instructed the jury: "When defendant invited Charles J. Bauer and his wife to ride in the automobile operated by him and undertook to provide a conveyance for plaintiff and her husband, although defendant did so gratuitously, he was bound to exercise due and reasonable care in the operation of said car for the safety of his guests, and not by any act of his to increase the danger or create a new or unnecessary danger.

"If, therefore, you find from the evidence, taking into consideration the condition of the road, the experience, knowledge and skill of defendant in driving the car, the speed at which he was going, and all the conditions and circumstances shown by the evidence that defendant Griess was negligent and careless in the operation of the car, or you

Bauer v. Griess.

find that by his acts he increased the danger or created a new and unnecessary danger, and you also find that defendant's negligence and want of care was the proximate cause of the injury and death of Charles J. Bauer, then, if you so find, your verdict will be for the plaintiff."

The court also instructed the jury "that by the term 'due and ordinary care,' as used in these instructions, is meant such a degree of care as a prudent and reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would exercise under the existing circumstances and conditions.

"By the term 'negligence,' as used herein, is meant the failure to exercise such care, prudence and forethought as under the circumstances duty requires should be given or exercised."

Defendant complains of these instructions, claiming that the jury ought to have been told that before recovery could be had they must find that defendant was guilty of gross negligence. The contention of defendant appears to be not without support: *Massaletti v. Fitzroy*, 228 Mass. 487; *Flynn v. Lewis*, 231 Mass. 550. In the latter case, however, it is pointed out that under a new statute of Massachusetts a recovery may be had on proof of only ordinary negligence. However, the rule is different in other jurisdictions. In *Beard v. Klusmeier*, 158 Ky. 153, in a case very similar to the one at bar, the court said: "The principal question for decision is this: What duty does the owner, who drives his automobile, owe to his guest who accepts an invitation to ride with him? Appellant likens the case to that of one who is invited upon the premises of another, and insists that an invited guest must take the premises of the host as he finds them, and cannot complain of the conduct of his host in regard to keeping the premises in repair, or in the management of his personal property for the pleasure and enjoyment of the guest, unless guilty of gross negligence." This, in substance, is the claim made by appellant in the instant case. The claim of appellee here may be likened to the claim of appellee in that case,

Bauer v. Griess.

which is started by the court as follows: "On the other hand appellee, arguing along the same line, insists that the host who invites a guest to come upon his property, or to use his property, either expressly or impliedly, owes him the duty of exercising ordinary or reasonable care to keep the property or premises in a safe condition so that he will not be unreasonably exposed to danger or injury; and that appellant having invited appellee to ride in his automobile, he owed her the duty to operate it in a careful and prudent manner." In that case, as in this, the court instructed the jury that it was the duty of the host to exercise ordinary care in the operation of his automobile to avoid injury to those who were in the automobile with him, and that if he ran his automobile at an unreasonable speed, thereby causing injury to the guest, he was liable for the injury. On review the instructions were approved, and the court held (164 S. W. 319): "It was defendant's duty, upon inviting plaintiff to ride as a guest in defendant's automobile, to use ordinary care not to increase plaintiff's danger or to create any new danger, such as by fast and reckless driving, so that defendant would be liable for injuries to plaintiff from driving the automobile recklessly."

It may be conceded that the host is not the insurer of the safety of his guest, but in sound reason and good morals it cannot be disputed that the driver of an automobile who invites his friend to ride, the invitation being accepted, is bound to exercise reasonable and ordinary care in the operation of his car, and is not free to expose his guest to unnecessary danger.

Every controverted question of fact was submitted to the jury and by the jury resolved against the defendant. finding no error in the instructions, the judgment is

AFFIRMED.