## FLORENCE L'H. DICKERSON *vs.* THE CONNECTICUT COMPANY ET AL.

First Judicial District, Hartford, October Term, 1922.

WHEELER, C. J., BEACH, BURPEE, KEELER and HINMAN, Js.

Negligence has sometimes been classified or graded as slight, ordinary, or gross; but this attempted division or classification, as a test of liability, has not commended itself generally, and this court has expressly disapproved of it as impracticable and its use as likely to result in confusion and uncertainty.

The owner of an automobile who invites a guest to ride with him, is bound to exercise ordinary or reasonable care in the operation of the vehicle, and if he fails in this duty is liable in damages to the guest who is injured in consequence of such neglect.

In the present case the defendant insisted that "active negligence" was the test of his liability. *Held* that this characterization of negligence, if intended to distinguish between degrees of care required of the defendant, was not recognized by our courts; and that the trial court correctly told the jury that the true test was whether the defendant did, or failed to do, anything which a reasonably prudent person similarly circumstanced would have done, or refrained from doing, in order to avoid the injury.

A person injured through the negligence of another is entitled to recover, as an element of damage, his reasonable expenses for medical and surgical aid and for hospital and nursing services; and it is immaterial from what source the money was derived which was used in the payment of these bills.

The case of *Pigeon* v. *Lane*, 80 Conn. 237, explained and distinguished.

Argued October 4th—decided October 18th, 1922.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of each defendant, brought to the Superior Court in Hartford County and tried to the jury before *Maltbie, J.;* verdict and judgment for the plaintiff for $9,000, against the defendant Frank Dickerson and in favor of the defendant Connecticut Company, from which the former defendant appealed. *No error*.

*Edward L. Smith* and *Allan K. Smith*, for the appellant (defendant Frank Dickerson).

*Walter S. Schutz*, with whom was *Ufa E. Guthrie*, for the appellee (plaintiff).

*Joseph F. Berry*, for the appellee (defendant Connecticut Company).

WHEELER, C. J.   The plaintiff offered evidence to prove that she was injured while riding as a guest in the automobile of the defendant Dickerson, in consequence of his negligence in the operation of the automobile and while she was in the exercise of due care. The jury rendered its verdict for the plaintiff against defendant Dickerson.

The appeal assigns error in two points in the charge. The first assignment of error, being the only one pursued in the brief of the defendant, questions this portion of the charge: "Coming now to Mr. Dickerson, he was the driver of this car, and the father-in-law, I think, of Mrs. Dickerson, the plaintiff; the duty which he owed to Mrs. Dickerson, riding as his guest in that car was, also, to exercise reasonable care to see that no injury came to her, the care that an ordinarily prudent person would exercise, situated as he was situated in driving that car, to avoid any injury to her.   The 'active negligence' which Mr. Smith spoke of in his argument as being the test, in some sort, of the duty resting upon Mr. Dickerson, means no more than did he, in the operation of the car, do or fail to do anything which a reasonably prudent person would not have done or would have done in order to avoid injury to her; it is the same test applied to the driver of the automobile instead of to the driver of the trolley-car.   Did he use the care of an ordinarily prudent person, sit-

uated as he was situated, to avoid the result which followed?" The defendant complains of this excerpt from the charge as holding that the defendant owner and operator of the automobile owed the same duty to the plaintiff, who was a guest, that he owed to the world in general, and as making no distinction between the gratuitous carrying of the plaintiff and the carrying of one for hire; whereas, as he insists, the true rule enforces liability for injury to a guest only for active negligence toward the guest, which involves something more than the failure to exercise ordinary care and involves the presence of some conduct upon defendant's part which constitutes gross negligence, which is the failure to even use a slight degree of care toward the guest. In chief support of his position the defendant cites the late Massachusetts case of *Massaletti* v. *Fitzroy*, 228 Mass. 487, 118 N. E. 168, which adopts this rule of duty toward the guest, although terming the negligence which would support a liability, gross negligence instead of active negligence. Such a rule requires the adoption of the classification of negligence made by Lord Holt in *Coggs* v. *Bernard*, 2 Ld. Raym. 909, into slight, ordinary, and gross. The current of authority has, with practical unanimity, discarded this classification, and concluded that "such refinements can have no useful place in the practical administration of justice." We have never attempted to make this division of degrees of care; on the contrary, we have expressly disapproved of it. The three degrees cannot be distinguished so as to make this classification a practical one. Their use must result in confusion and uncertainty. *Griswold* v. *New York & N. E. R. Co.*, 53 Conn. 371, 390, 4 Atl. 261; *Lord* v. *Lamonte*, 72 Conn. 37, 38, 43 Atl. 491. Other jurisdictions as a rule have either disapproved of it or refused to adopt it. *Steamboat New World* v. *King*, 57 U. S. (16 How.)

469, 474; *Milwaukee & St. P. Ry. Co.* v. *Arms,* 91 U. S. 489, 494; *New York Central R. Co.* v. *Lockwood,* 84 U. S. (17 Wall.) 357, 382; *Avery* v. *Thompson,* 117 Me. 120, 103 Atl. 4; *Wilson* v. *Brett,* 11 M. & W. 113; *Beal* v. *South Devon Ry.,* 3 H. & C. 337.

The guest on entering the automobile takes it and the driver as they then are, and accepts the dangers incident to that mode of conveyance. If the driver be intoxicated, or the automobile be defective, and the owner does not then know this, and injury result to the guest in consequence, the owner of the automobile is not liable to him. If the driver becomes intoxicated after the gratuitous transportation has begun, or the defect in the automobile was one which the owner knew about and failed to inform the guest of, he exposed the guest to a new danger in the first instance, and in the second he was injured in consequence of the failure of the owner to exercise toward him ordinary care and inform him as to the defect. Not to do so would be a clear failure on the part of the owner to use reasonable care toward his guest. *Pomponio* v. *New York, N. H. & H. R. Co.,* 66 Conn. 528, 537, 34 Atl. 491. When the journey has begun, the owner's duty is to so operate the car that no new danger to the guest is created and no increase in the danger from this mode of transportation is incurred by him. If the owner increases the danger, or creates a new danger by the manner in which he operates the automobile, he has not exercised toward his guest reasonable care. This would follow if he operated the car at an unreasonable speed, or in violation of some law or municipal ordinance or regulation, or without having the car under reasonable control, or without keeping a proper lookout, and in consequence of his conduct an accident resulted in which the guest was injured. The Massachusetts doctrine would make the owner liable to the guest only

in a case where he has exercised slight care, where the situation required the exercise of so much care that the owner's neglect has been such as to constitute gross negligence. Under such a doctrine the jury must have before them three standards to understand, to apply and to choose from. Under our standard the jury inquire whether the owner has exercised due care in the circumstances presented to him, and they determine this by asking what the reasonably prudent person would have done similarly circumstanced, and if the owner's conduct has not measured up to this standard he has not exercised due or ordinary care. That standard is simple and unvarying. As the danger increases the care must increase, for the reasonably prudent man would so act in a similar situation.

In *Pigeon* v. *Lane,* 80 Conn. 237, 241, 67 Atl. 886, we said the owner would only be liable to his guest or licensee for his active negligence. We were attempting to distinguish between the negligence of the owner in his use of a defective conveyance or his use of an incompetent driver resulting in injury to the guest, for which the owner would not be liable, and the negligence of the owner in his operation of the car resulting in injury to the guest. In the latter case the negligence would result from a positive act of the owner or from his failure to fulfil his duty of operation, which is the equivalent of a positive act, and this we termed active negligence. We had no intention by its use of adding another degree of negligence to our settled classification, nor of adopting for the owner a rule of liability based upon a standard other than the failure to exercise due care. We made this clear by our specification of what would constitute active negligence in the circumstances of that case, viz: by increasing the danger of riding upon the conveyance or by creating a new danger. These would constitute a failure to exercise due care.

The trial court did not have before it a defective automobile or an incompetent driver, known to the owner; it had before it a claimed liability arising from the operation of the automobile and it properly confined its charge to the immediate case before it. The trial judge correctly charged the jury, when he said that active negligence meant no more than the lack or want of ordinary or due care, and that the standard of such care was the same whether applied to the owner of the automobile or to the motorman of the trolley-car. The standard remains, while the circumstances change and with them the conduct of the reasonably prudent man. "Active negligence" as used in *Pigeon* v. *Lane,* was evidently understood, as we intended it, by the court in *Patnode* v. *Foote,* 153 N. Y. App. Div. 494, 138 N. Y. Supp. 221. Further reflection leads us to the view that its use is unnecessary in defining the duty of the owner of a conveyance to his guest, and that the jury will reach a clearer perception of that duty if it be stated to be the exercise by the owner of ordinary or due care in the circumstances, with the explanation which we have already given so far as the circumstances make it applicable.

Outside of the few jurisdictions which classify negligence as slight, ordinary, and gross, the courts which have passed upon the question of the liability of the owner of a conveyance to his guest adopt the rule which we have adopted. In *Fitzjarrell* v. *Boyd,* 123 Md. 497, 505, 91 Atl. 547, the court say: "The plaintiff was a licensee, and it was the duty of the defendant to use ordinary care not to increase the danger of riding with him or to create any new danger." In the well considered case of *Avery* v. *Thompson,* 117 Me. 120, 128, 103 Atl. 4, the court say: "In other words we conceive the true rule to be that the gratuitous undertaker shall be mindful of the life and limb of his guest and shall

not unreasonably expose her to additional peril.   This would seem to be a sane, sound and workable rule, one consistent with established legal principles and just to both parties.   It leaves the determination of the issue to the jury as a question of fact."   See also *Beard* v. *Klusmeier*, 158 Ky. 153, 160, 164 S. W. 319; *Patnode* v. *Foote*, 153 N. Y. App. Div. 494, 138 N. Y. Supp. 221; *Tennessee Central R. Co.* v. *Vanhoy*, 143 Tenn. 312, 335, 226 S. W. 225; *Barnett* v. *Levy*, 213 Ill. App. 129; *Spring* v. *McCabe*, 53 Cal. App. 330, 200 Pac. 41; *Bauer* v. *Griess*, 105 Neb. 381, 181 N. W. 156; *Mayberry* v. *Sivey*, 18 Kan. 291, 293; *Roy* v. *Kirn*, 208 Mich. 571, 583, 175 N. W. 475; *Jacobs* v. *Jacobs*, 141 La. 272, 74 So. 992; *Perkins* v. *Galloway*, 194 Ala. 265, 69 So. 875; Huddy on Automobiles (6th Ed.) § 678.

Error is also assigned in the following charge: "Again, I say, to you, gentlemen, that it makes no difference from what source the money came which she used to pay these bills; whether it came from her father-in-law who is defending here, or from any other source.   As regards the father-in-law, if he made advances to her, very obviously they were not payments made on account of any liability which he had incurred arising out of this accident; so that, in the proper adjustment of the situation, whether or not he advanced money to her is of no consequence."   The charge follows the late case of *Roth* v. *Chatlos*, 97 Conn. 282, 287, 116 Atl. 332, where we said: "The authorities, both numerically and in weight, agree that a defendant owes to the injured compensation for injuries the proximate cause of which was his own negligence, and that their payment by third parties cannot relieve him of this obligation; and that whether the motive impelling their payment be affection, philanthropy, or contract, the injured is the beneficiary of their bounty and not him who caused the injury.   In short, the defendant has no equitable or legal

claim to share in the amount paid for the plaintiff. The rule in a majority of the cases is that an injured person is entitled to recover, as damages, for reasonable medical, hospital, or nursing services rendered him, whether these were rendered him gratuitously, or paid by his employer. Such service or such payment is for the benefit of the injured person. It is a gift to him. But since it is one of the elements of injury, he is entitled to recover the reasonable value of the service."

There is no error.

In this opinion the other judges concurred.