BETTY MIGNONE *v.* JOHN J. MURPHY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued May 6—decided June 23, 1943.

*Charles G. Albom,* with whom were *Joseph M. Brandon* and, on the brief, *David E. FitzGerald, Jr.,* for the appellant (defendant).

*Louis Sperandeo,* for the appellee (plaintiff).

PER CURIAM. Munson and Mansfield Streets in New Haven intersect at right angles. Munson Street runs east and west, and in name ends at Mansfield Street, but Hillside Place is in fact a prolongation of Munson Street to the east, making in effect a continuous street. Hillside Place is partially offset, so that its intersection with Mansfield Street is in part to the south of the intersection of Munson and Mansfield Streets, and it enters the intersection in a slightly northwesterly direction. The court found that the plaintiff was a passenger in a car which was proceeding westerly on Hillside Place; that the car had crossed Mansfield Street; and that when it was at a point on Munson Street about six feet westerly of the westerly curb line of Mansfield Street it was struck by the defendant's car. When struck, it was straddling the middle line of the street. The defendant's car was being operated easterly on Munson Street. The driver, before reaching the westerly edge of the intersection, turned his car to the left, intending to go north on Mansfield Street, and ran into the oncoming car, which he had seen when it was approaching the intersection.

The defendant claims that these findings are not supported by evidence; that they state only the court's theory of what occurred. The evidence of the plaintiff's witnesses was that, after crossing the intersection, the plaintiff's car was proceeding along Munson Street about three feet from the north or right curb, and was struck when it was about twenty feet west of the west edge of the intersection. The driver of the

defendant's car testified that he intended to turn north, saw the approaching car, "Then I saw that I could not make it and so I stopped"; that when he stopped the other car was one hundred seventy-five feet away, and that it ran into his car. The court chose to disbelieve essential parts of all this testimony. A police officer arrived before the cars had been moved, and made careful measurements of brake and brush marks leading to the cars. From this testimony the court constructed its finding, placing the point of impact six feet west of the intersection and slightly to the south of the middle line of Munson Street. The evidence as to physical facts reasonably supported the finding. The fact that the plaintiff's car was straddling the middle line of Munson Street did not preclude recovery by the plaintiff, a passenger. The court's finding that the defendant driver was negligent in turning to his left into the approaching car, and its conclusion that such negligence was a substantial factor in causing the collision, cannot be disturbed. The defendant's negligence did not consist of failing to give half of the traveled road to the approaching vehicle, as required by statute, but of turning to his left into the course of that car pursuant to his intention to cut the corner to proceed north on Mansfield Street, when under the circumstances a reasonably prudent person would not have done so.

There is no error.