Weir *v.* New York, New Haven & Hartford Railroad.

WILLIAM WEIR, executor, *vs.* THE NEW YORK, NEW HAVEN
AND HARTFORD RAILROAD COMPANY
(and three companion cases[1]).

Worcester.   September 21, 1959. — December 11, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence,* Grade crossing; Railroad: grade crossing; Violation of law;
Contributory; Motor vehicle; Imputed. *Conflict of Laws. Railroad,*
Grade crossing. *Motor Vehicle,* Operation, Grade crossing. *Practice,
Civil,* Auditor: findings. *Evidence,* Presumptions and burden of proof.

In actions in Massachusetts arising from a collision of a railroad train
with an automobile at a grade crossing in Connecticut, the standard
of care established by the law of Connecticut governed, but in apply-
ing a general standard of care so established the sufficiency of the
evidence respecting conformity to that standard, permissible infer-
ences from evidence, and the burden of proof were procedural matters
governed by the law of Massachusetts. [69, 70]
Failure to sound the bell or whistle on the locomotive of a railroad train
in approaching a grade crossing in Connecticut as required by a statute
thereof was evidence of negligence of the railroad in actions against it
arising from a collision of the train with an automobile at the cross-
ing. [69]
Testimony by the operator of an automobile that when approaching a
railroad grade crossing, although he heard "a rumbling noise" indi-
cating "a train going by" and "saw the tail end of the train leaving
the crossing," he did not hear either the whistle or the bell of the
locomotive warranted a finding that neither the whistle nor the bell
was sounded as the train approached the crossing. [70]
At the trial of actions against a railroad arising from a collision of a train
with an automobile at a grade crossing on a clear day, a conclusion
of contributory negligence of the operator of the automobile was re-
quired as a matter of law by uncontradicted findings by an auditor
that as the automobile approached the crossing, going slowly, it passed
a railroad crossing signboard and there were red warning lights flashing
at the crossing, and that the train was clearly visible to the operator of
the automobile when the automobile was seventy-five feet from the
crossing, even though no bell or whistle was sounded on the loco-
motive; but under the law of the place of the accident the negligence
of the operator of the automobile was not imputed to other occupants

[1] The companion cases are by Elliott Baribeault, administrator, John Y.
Deane, administrator, and Lillian N. Searles, administratrix, against the same
defendant.

thereof, and there was nothing in the record requiring a conclusion of contributory negligence on their part. [70–72]

In an action against a railroad for the death of an operator of an automobile killed in a collision at a grade crossing of the automobile and a train whose presence she had negligently failed to observe as she approached and went on the crossing, the doctrine of last clear chance was not applicable to aid the plaintiff where it appeared that, although the fireman of the train saw the automobile approaching the crossing, it was too late to avoid the collision when the fireman realized that the automobile was not going to stop and called a warning to the engineer. [72]

FOUR ACTIONS OF TORT. Writs in the Superior Court dated, respectively, July 30, 1953, February 24, 1954, February 10, 1954, and February 12, 1954.

The actions were tried before *Goldberg, J.*

*Noel W. Deering,* for the defendant.

*Thomas S. Carey, (Henry T. George* with him,) for the plaintiffs.

RONAN, J. These are four actions of tort, the first one to recover for the death and conscious suffering of the owner and operator of an automobile and for damage to the automobile, and the remaining three to recover for the deaths and conscious suffering of the other occupants of the automobile, all resulting from a collision with a train of the defendant at a public crossing in North Grosvenordale, Connecticut.

The cases were first heard by an auditor whose findings of fact were not final and were then heard upon the auditor's report and other evidence. The jury returned verdicts for the plaintiff for the death and damage to the automobile as alleged in the first action. The judge ordered a verdict for the defendant on the count for conscious suffering in that action. The counts for conscious suffering were waived in the other three actions and the jury returned verdicts for the plaintiffs for the deaths of the intestates. The cases are here upon certain exceptions to the admission of evidence and to the denial of the defendant's motions for directed verdicts in the four actions.

The accident occurred in the late afternoon of March 8, 1953, a clear and cold day. The deceased Lillias J. Deane was driving her automobile in a westerly direction toward

Buckley Hill Crossing in North Grosvenordale at about fifteen to eighteen miles an hour. A diesel locomotive hauling two passenger cars was proceeding toward the crossing from the north. It was on a scheduled run but was about fifteen minutes late because of difficulty with the brakes on one of the cars at a previous stop. This difficulty had been remedied before the collision, however. The train travelled over two long curves, one seventeen to eighteen hundred feet and the other five or six hundred feet from the crossing so that the engineer, who sat on the right side of the cab of the diesel, was unable to see the crossing until he was almost upon it. The fireman, who sat on the left side and whose duty it was to observe that part of the highway which was not within the vision of the engineer, saw the Deane automobile when it was about 100 feet from the crossing without apparent indication of stopping, at which time the locomotive was approximately 327 feet from the crossing. According to the auditor's report the fireman continued to observe the automobile from the time he first saw it until the impact. When the two "vehicles were approximately 100 feet apart" the fireman realized that the automobile was not going to stop and shouted a warning to the engineer. The engineer applied the emergency brake, but the train proceeded onto the crossing striking the automobile broadside and dragging it 120 feet and coming to a stop about 1,300 feet south of the crossing.

The auditor found that neither the engineer nor the fireman was negligent. He found that the train was clearly visible to the occupants of the automobile from the time it was seventy-five feet from the east rail to the time of the impact, "if they were paying some attention to where they were going." He also found that the railroad signal lights at the crossing were functioning properly before the accident; that the engineer sounded his whistle and bell in a proper manner continuously from the time the train passed the whistle post 1,315 feet north of the crossing to the time of impact; and that there was no evidence that the defendant was negligent.

At the trial one Fatsi, who had not appeared before the auditor, testified that he was travelling toward Buckley Hill Crossing at fifteen or twenty miles an hour and was about 200 or 300 yards from the crossing when he heard "a rumbling noise which indicated to him there was a train going by." He heard the noise from "300 yards away until 200 or even closer." He saw the crossing when he was about 200 feet from it, at which time "he saw the tail end of the train leaving the crossing." Fatsi testified, subject to the defendant's exception, that he did not hear either the whistle or the bell of the train from the time he heard the rumbling noise to the time when he first saw the train.

The accident occurred in Connecticut and we are bound by the statutes and decisions of the courts of that State. If a given set of facts has determined the liability or the nonliability of a defendant, then we are bound by those decisions in a similar case tried here; but if the decisions have gone no farther than following a rule of ordinary care, then in applying that standard we have to determine for ourselves "whether there is sufficient evidence to take the case to the jury on the question whether the defendant conformed to the standard. . . . What inferences are permissible from evidence is a matter of procedure and not of substantive law and is determined by the law of the forum." *Peterson* v. *Boston & Maine R.R.* 310 Mass. 45, 47–48.

Connecticut Gen. Sts. (1949 Rev.) c. 261, § 5530 (in force at the time of the accident), provided in part as follows: "Each person controlling the motions of an engine on a railroad shall commence sounding the bell or whistle when such engine is approaching and is within eighty rods of the place where such railroad crosses any highway at grade and shall keep such bell or whistle occasionally sounding until such engine shall have crossed such highway." This statute was passed for the protection of travellers over grade crossings, *Cote* v. *Palmer*, 127 Conn. 321, 331, and failure to comply with its provisions is evidence of negligence sufficient to support a finding thereof. *Cottle* v. *New York, N. H. & H. R.R.* 82 Conn. 142, 144.

The auditor found that the defendant complied with § 5530. His finding, which was not final, is not conclusive when there is testimony which tends to disprove it. *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564. The testimony of Fatsi that he did not hear a whistle or bell during the entire time he was approaching the crossing made it an issue of fact whether they were sounded and the jury could properly infer that none was sounded. His testimony was admissible, and the fact that an attentive witness failed to hear what he was listening for serves as a basis for the inference that the whistle and bell were not sounded. *Hubbard* v. *Boston & Albany R.R.* 159 Mass. 320, 323. *Bengle* v. *Cooney*, 243 Mass. 10. Compare *Livermore* v. *Fitchburg R.R.* 163 Mass. 132.

While violation of § 5530 is evidence of negligence according to decisions of the Connecticut courts in common law actions (or under the Connecticut death statute, see Gen. Sts. [1949 Rev.] c. 413, § 8296), contributory negligence of a plaintiff is a defence. *Cottle* v. *New York, N. H. & H. R.R.* 82 Conn. 142. *Douglas* v. *New York, N. H. & H. R.R.* 110 Conn. 145. *Boscarello* v. *New York, N. H. & H. R.R.* 112 Conn. 279. *Piscitello* v. *New York, N. H. & H. R.R.* 116 Conn. 638. As was stated in the *Cottle* case: "While the intestate had a right to rely to some extent on the fact that no bell was being sounded or whistle blown, this did not excuse him from either looking or listening to ascertain whether a train might not be coming" (p. 144). Under our law, which governs burden of proof, *Levy* v. *Steiger*, 233 Mass. 600, the burden is on the defendant to prove the plaintiff's lack of due care. G. L. c. 231, § 85. Hence a verdict may only be directed "[w]here from the facts which are undisputed or indisputable . . . only one rational inference can be drawn and that an inference of contributory negligence." *Duggan* v. *Bay State St. Ry.* 230 Mass. 370, 379. Here certain of the auditor's uncontradicted findings establish the operator's want of due care. Here it must be taken that the warning lights were functioning properly and that the driver was proceeding at a rate of speed which gave her

ample time to avoid the collision had she observed the signals.

The automobile as it approached the crossing passed a yellow and black signboard located on the driver's right of the road. It faced the driver as she drove toward the crossing. It was located 259 feet easterly of the crossing. Besides, there was a set of flashing red lights on a sign near the track, which faced travellers approaching the crossing. The signboard contained the warning "Stop on red signal." The lights flashed red every other second on the approach of a train. There was evidence that these lights began to flash when the train was 2,200 feet north of the crossing. These lights must have been in operation when the automobile approached the crossing.

The auditor's finding with respect to the signal lights was in fact confirmed by the witness Fatsi. The only possible inference is that Deane was inattentive to the danger and made no effort to protect herself against it. In these circumstances there was a lack of care under the standard stated in *Cottle* v. *New York, N. H. & H. R.R.* 82 Conn. 142. Compare *Doyle* v. *Boston Elev. Ry.* 248 Mass. 89; *O'Callaghan* v. *Boston Elev. Ry.* 249 Mass. 43; *Loyle* v. *Boston Elev. Ry.* 260 Mass. 404.

Any failure of the bell and whistle to sound did not excuse her from attentiveness. *Dundon* v. *New York, N. H. & H. R.R.* 67 Conn. 266, 272. Accord: *Tyler* v. *Old Colony R.R.* 157 Mass. 336, 340; *Fay* v. *Boston & Maine R.R.* 338 Mass. 531.

The due care of all the occupants of the automobile other than the operator was a question of fact under the law of Connecticut as well as under our own decisions. With respect to the defendant's motions for directed verdicts in these cases, the applicable law of Connecticut is that "While ordinarily . . . [a gratuitous passenger] is under no duty to look out for or guard against possible dangers, there are circumstances in which reasonable care on his part requires that he do so. These circumstances may arise out of the manner in which the automobile is being operated, but only

if the negligence of the driver is so apparent and gross that the passenger is bound to know it." *Boscarello* v. *New York, N. H. & H. R.R.* 112 Conn. 279, 283, and cases cited. *Weidlich* v. *New York, N. H. & H. R.R.* 93 Conn. 438. He is under no duty, absent apparent recklessness on the part of the driver, to be attentive to dangers of the road. The only evidence here of the conduct of any of the passengers was the testimony of the fireman that when the automobile was about fifty feet from the crossing he saw the passenger on the right front seat turn and look in the direction of the locomotive. Such testimony clearly does not establish want of care. Nor is the negligence of the operator imputed to the passengers. *Daley* v. *Norwich & Worc. R.R.* 26 Conn. 591. *Wilmot* v. *McPadden,* 78 Conn. 276. *Weidlich* v. *New York, N. H. & H. R.R.* 93 Conn. 438. *Mignone* v. *Murphy,* 130 Conn. 196. See G. L. c. 231, § 85D; *Borden* v. *New York, N. H. & H. R.R.* 339 Mass. 266.

The doctrine of last clear chance, so called, urged in behalf of the deceased Deane, while part of the substantive law of Connecticut, *Nehring* v. *Connecticut Co.* 86 Conn. 109, *Bujnak* v. *Connecticut Co.* 94 Conn. 468, *Correnti* v. *Catino,* 115 Conn. 213, *Middletown Trust Co.* v. *Armour & Co.* 122 Conn. 615, *Cote* v. *Palmer,* 127 Conn. 321, 326, is inapplicable. When the fireman realized that the automobile was not going to stop, opportunity to avoid the collision had passed. There was no evidence that the engineer delayed in applying the emergency brake.

In the case of Weir *v.* New York, N. H. & H. R.R. the entry is to be exceptions sustained, judgment for the defendant; in the three companion cases the entry in each case is to be exceptions overruled.

*So ordered.*