[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 4, 1997
The defendant AMERICAN MEDICAL RESPONSE OF CONNECTICUT moves to strike Counts One and Three of the Amended Complaint on the grounds that both are legally insufficient. This defendant argues that Count One is legally insufficient because of General Statutes § 52-557b, and that Count Three sounds in gross negligence which is not a recognizable cause of action under Connecticut law.
A motion to strike challenges the legal sufficiency of a CT Page 6432 pleading. P.B. § 152. "Like the demurrer it admits all facts well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
The Amended Complaint contains three counts addressed to this defendant. Under the allegations of the complaint, this defendant is a corporation engaged in the business of providing health care or professional emergency medical care and transportation to emergency medical facilities. The complaint alleges that the plaintiff's decedent required emergency medical treatment, and that this defendant's emergency technicians were summoned to her aid. The First Count alleges that, as a result of this defendant's negligence and carelessness, the plaintiff's decedent suffered injuries, including death. The Third Count alleges that, as a result of this defendant's gross negligence and carelessness, the plaintiff's decedent suffered injuries, including death.[1]
This defendant argues that under a clear reading of the statute the plaintiff is barred from asserting a negligence cause of action against this defendant. The pertinent provisions of that statute read as follows:
 A . . . ambulance personnel, who has completed a course in first aid offered by the American Red Cross, the American Heart Association, the National Ski Patrol, the Department of Public Health or any director of health, as certified by the agency or director of health offering the course, and who renders emergency first aid to a person in need thereof, shall not be liable to such person assisted for civil damages for any personal injuries which result from acts or omissions by such person in rendering the emergency first aid, which may constitute ordinary negligence.
In her opposition to the Motion to Strike, the plaintiff did not respond to this argument, nor did she address the defendant's motion to strike Count One at all on the merits. The court concludes that the plaintiff concedes that General Statutes §52-557b does bar the negligence cause of action alleged in Count One. Further, taking the allegations of the complaint in a light most favorable to the plaintiff, this court reads the statute CT Page 6433 which is entitled Good Samaritan law. Immunity from liability foremergency medical assistance, first aid . . ., to bar Count One, which sounds in negligence. Lieb v. Department of HealthServices, 14 Conn. App. 552, 558 (1988) ("it is axiomatic that courts are required to read a statute in light of its purpose.") Accordingly, the Motion to Strike is granted as to Count One.
This defendant also argues that Count Three should be stricken because gross negligence does not exist as a cause of action under Connecticut law. The plaintiff argues that General Statutes § 52-557b creates a cause of action in gross negligence. The pertinent provision of § 52-557b reads, "The immunity provided in this subsection does not apply to acts or omissions constituting gross, willful or wanton negligence." The court rejects the plaintiff's argument because 1) it finds that the statute's purpose was to confer immunity and not to create a cause of action and 2) under the established case law, no action for "gross negligence" is recognized in Connecticut. As to the first ground, the court relies on the legislative history of the statute in addition to the words and purpose of the statute.River Dock Pile, Inc. v. OG Industries, Inc., 219 Conn. 787, 80; (1991); Shaham v. Wheeler, 18 CONN. L. RPTR, 539 (J.D. Danbury) (Doc. No. 321879) (1/2/97) (Moraghan, J.). As to the second ground, those cases cited by the defendant, namely, Decker v. Roberts,125 Conn. 151, 157 (1939) and Dickerson v. Connecticut,98 Conn. 87, 89 (1922), have not been overruled. Those cases have clearly rejected the concept of degrees of negligence or classifications of standards of care. "[G]ross negligence has never been recognized in this state as a separate basis of liability in the law of torts." Decker v. Roberts, 125 Conn. at 157; see also,Shaham v. Wheeler, 18 CONN. L. RPTR. 539 (J.D. Danbury) (Doc. No. 321879) (1/2/97) (Moraghan, J.) and Bioski v. Castelano,
14 CONN. L. RPTR. 346 (1995) (Flynn, J.).
For the foregoing reasons, the Motion to strike is granted in its entirety.
DIPENTIMA, J.