[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant, American Medical Response of Connecticut (AMR), moves to strike counts one and three of the amended complaint on the grounds that both are legally insufficient.[1]
The defendant argues that these counts should be stricken because count one is barred by General Statutes § 52-557b, the "Good Samaritan" Statute, and because count three, sounding in gross negligence, is not a recognizable cause of action under Connecticut law.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Practice Book §§ 152-158. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . ." Novametrix Medical Systems Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 75 (1992), and "cannot be aided by the assumption of any facts not therein alleged." CT Page 7900Liljedahl Brothers Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "[I]t is inappropriate to decide a question of fact on a motion to strike." Webb v. City of Bridgeport,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321600 (January 16, 1996, Hauser, J.). "The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825-26, 676 A.2d 357 (1996). Conversely, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems Inc. v. BOC Group, Inc.,
supra, 224 Conn. 215.
The amended complaint contains three counts addressed to defendant AMR. Under the allegations of the complaint, AMR is a corporation engaged in the business of providing health care or professional emergency medical care and transportation to emergency medical facilities. The complaint alleges that the plaintiff's decedent required emergency medical treatment, and that the defendant's employees were summoned to her aid. Count one alleges that, as a result of the defendant's negligence and carelessness, the plaintiff's decedent suffered injuries, including death. Count three alleges that, as a result of the defendant's gross negligence and carelessness, the plaintiff's decedent suffered injuries, including death.[2]
The defendant AMR argues that under a clear reading of the "Good Samaritan" Statute, § 52-557b, the plaintiff is barred from asserting a negligence cause of action against AMR. General Statutes § 52-557b(b) states, in relevant part:
 "A paid or volunteer fireman or policeman, . . . or ambulance personnel, who has completed a course in first aid offered by the American Red Cross, the American Heart Association, the National Ski Patrol, the Department of Public Health or any director of health, as certified by the agency or director of health offering the course, and who renders emergency first aid to a person in need thereof, shall not be liable to such person assisted for civil damages for any personal injuries which result from acts or omissions by such person rendering the emergency first aid, CT Page 7901 which may constitute ordinary negligence." Id.
Although AMR and its employees may be immune under the "Good Samaritan" Statute, it is not apparent from the facts as alleged in the complaint. It cannot be determined, as a matter of law, that AMR falls within the requirements of General Statutes §52-557b(b). Therefore, a determination of whether AMR is comprised of ambulance personnel who have completed the requisite first aid training, and whether AMR was rendering "emergency first aid" at the time of the incident, are questions of fact that must be decided before AMR can receive the protection afforded under General Statutes § 52-557b. Therefore, since the complaint fails to allege facts that would bar a cause of action against AMR under the "Good Samaritan" Statute, the defendant's motion to strike count one is denied.
The defendant also argues that count three should be stricken because gross negligence does not exist as a cause of action under Connecticut law. The plaintiff argues that General Statutes § 52-557b creates a cause of action in gross negligence. The pertinent provision of § 52-557b reads, "[t]he immunity provided in this subsection does not apply to acts or omissions constituting gross, wilful or wanton negligence." The court rejects the plaintiff's argument because 1) it finds that the statute's purpose is to confer immunity and not to create a cause of action and 2) under the established case law, no action for "gross negligence" is recognized in Connecticut.[3] As to the first ground, the court relies on the legislative history of the statute in addition to the words and purpose of the statute.River Dock Pile, Inc. v. O G Industries, Inc.,219 Conn. 787, 805, 595 A.2d 839 (1991); Shaham v. Wheeler, Superior Court, judicial district of Danbury, Docket No. 321879 (January 2, 1997, Moraghan, J.). As to the second ground, the cases cited by the defendant, namely, Decker v. Roberts, 125 Conn. 150,157, 3 A.2d 855 (1939) and Dickerson v. Connecticut,98 Conn. 87, 89, 118 A. 518 (1922), have not been overruled. Those cases have clearly rejected the concept of degrees of negligence or classification of standards of care. "[G]ross negligence has never been recognized in this state as a separate basis of liability in the law of torts." Decker v. Roberts, supra,125 Conn. 157; see also Shaham v. Wheeler, supra, Superior Court, Docket No. 321879; Bioski v. Castelano, Superior Court, judicial district of Waterbury, Docket No. 115265 (March 21, 1995) (14 Conn. L. Rptr. 346). CT Page 7902
For the foregoing reasons, the motion to strike count one is denied and the motion to strike count three is granted.
By the court,
DiPentima, J.