[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE OF DEFENDANTCENTRAL MEDICAL EMERGENCY DISPATCH
The plaintiff administratrix has brought a 36-count complaint against a number of defendants claiming damages for personal injury and death as to the decedent.
Six of the counts of the complaint are directed to the defendant, Central Medical Emergency Dispatch (hereinafter "CMED") based upon the following causes of action:
Count Three: negligence
Count Nine: gross negligence
Count Fifteen: wilful, wanton, reckless misconduct CT Page 10707
Count Twenty-one: loss of chance, based upon negligence
 Count Twenty-seven: loss of chance, based upon gross negligence
 Count Thirty-three: loss of chance based upon wilful, wanton, reckless misconduct.
The defendant, CMED, has filed a motion to strike each of the counts of the complaint directed against it for the following reasons. As to Counts Nine and Twenty-seven, the defendant claims that "gross negligence" is not a cause of action recognized in Connecticut. As to the negligence claims set forth in Counts Three and Twenty-one, the defendant claims that it is barred by C.G.S. § 52-557b (the "Good Samaritan Statute"). As to Counts Twenty-one, Twenty-seven and Thirty-three, the defendant claims that under the facts of this case the loss of chance doctrine is not a cognizable cause of action. While the defendant's motion includes Count Fifteen, there is no basis set forth in the motion of the brief as to why that count should be stricken.
Essentially, as to CMED, the complaint alleges that it is a private company which is in the business of answering 911 calls and dispatching the appropriate medical services in response thereto and had a contract with the City of New Haven to perform those services, which services were utilized by the City of Shelton. It is further alleged that as a result of the failure of an employee of CMED to dispatch medical services in a timely manner, the plaintiff's decedent suffered personal injuries and death.
Considering first the defendant's claim that the plaintiff's negligence claims in Counts Three and Twenty-one are barred by the "Good Samaritan Law", the court does not agree. A reading of § 52-557b suggests that its intent was to apply to "ambulance personnel" who are involved in hands-on emergency care rather than a party who is involved in the dispatching of medical personnel to an emergency situation. The statute by its wording provides that designated people shall not be liable as a result of acts or omissions "in rendering the emergency first aid." Thus, on that basis, the Motion to Strike Counts Three and Twenty-one cannot be granted.
As to Counts Nine and Twenty-seven, the court agrees with the defendant that Connecticut has not recognized a cause of action CT Page 10708 in "gross negligence" separate and apart from a cause of action in ordinary negligence. See Decker v. Roberts, 125 Conn. 151
(1939); Dickerson v. Connecticut Co., 98 Conn. 87 (1922). However, the plaintiff claims that § 52-557b creates a cause of action for gross negligence by providing: "The immunity provided in this subsection does not apply to acts or omissions constituting gross, wilful or wanton negligence."
Since the court has held that § 52-557b is not applicable to CMED under the facts of this case, that statute cannot be utilized to create a cause of action in gross negligence. Accordingly, the Motion to Strike must be granted as to counts Nine and Twenty-seven.
Lastly, CMED claims that the loss of chance doctrine is not a cognizable cause of action outside the scope of medical malpractice actions. In Borkowski v. Sacheti, 43 Conn. App. 294
(1996), the Appellate Court held that Connecticut does recognize a cause of action for loss of chance. While Borkowski was a medical malpractice case, the court did not address the issue of whether that theory should be limited to such an action.
The loss of chance doctrine establishes a cause of action when a plaintiff can prove that the negligence of the defendant, more likely than not, caused a decrease in the likelihood that a plaintiff suffering from a preexisting condition, not caused by the defendant, would successfully recover from such condition. The harm suffered and the compensation to be awarded is for the loss of chance of recovery which the plaintiff can prove was more likely than not caused by the defendant's negligence.
By its very nature, the loss of chance doctrine will often arise in the context of a medical malpractice case where, e.g., a delay in diagnosing a preexisting condition is proven to result in a decreased chance of recovery from that condition.
In the court's view, however, there is no valid reason for limiting the loss of chance doctrine to medical malpractice actions if the facts of the case at hand lend themselves to its application. In this case, in Counts Twenty-one, Twenty-seven and Thirty-three, the plaintiff alleges that CMED's delay in dispatching the necessary medical personnel resulted in a decreased chance of successful treatment of the decedent from the condition which prompted the 911 call. Whether the case against CMED is characterized as a medical malpractice case or not is not CT Page 10709 determinative. If the plaintiff can prove the above allegations, the court can see no reason why there should not be a cause action for loss of chance solely on the basis that the defendant is not a medical provider. Therefore, the Motion to Strike as to Counts Twenty-one, Twenty-seven and Thirty-three cannot be granted based on the defendant's claims relating to the loss of chance doctrine. (Count Twenty-seven is of course subject to be stricken as it claims gross negligence).
In summary, the Motion to Strike of the defendant CMED is granted as to Counts Nine and Twenty-seven and denied as to Counts Three, Fifteen, Twenty-one and Thirty-three.
Thompson, J.