[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 27, 1997 the defendants, the City of Meriden, Marinan, Zebora and Jakiela, filed a Motion to Strike the Sixth and Tenth Counts of the plaintiff's Complaint. The defendants contend that these two counts, entitled "Gross Negligence," state a cause of action which is not recognized in Connecticut. The plaintiff filed an objection arguing that, notwithstanding the title of the counts, they assert claims for wanton and willful misconduct. Such claims, the plaintiff insists, are recognized theories of liability in Connecticut.
Both parties agree that while Connecticut does not recognize gross negligence as a valid cause of action, it does so recognize claims of wanton and/or willful misconduct. Decker v. Roberts,125 Conn. 150, 157, 3 A.2d 855 (1939); and Dickerson v. Conn.,98 Conn. 87, 89, 118 A. 518 (1922). Both parties also agree that the labeling of a count does not necessarily designate the type of action claimed. The dispute is whether the substance of the allegations in Counts Six and Ten support claims of wanton and willful misconduct or "gross negligence."
"Wanton misconduct is more than negligence, more than gross negligence." Decker, supra, 125 Conn. 155. "Our Supreme Court, inKowal v. Hofher, 181 Conn. 355, 360-61, 436 A.2d 1 (1980), recognized a cause of action in wanton and reckless misconduct against the purveyor of alcohol. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action. Willful misconduct is intentional misconduct, and wanton misconduct is reckless CT Page 3622 misconduct, which is the equivalent of willful misconduct. [W]illful wanton, or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711
(1988). The conduct must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." (Internal quotation marks omitted). Marinaccio v. Zaczynski, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 96 0565991 (May 14, 1998, Hennessey, J.). In fact "[t]he mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct. Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46, 492 A.2d 219 (1985). Actual facts which support the claim must be pleaded, not just conclusions. Kayser v. Stelmaszek, Superior Court, judicial district of Danbury, Docket No. 321805 (April 4, 1996, Moraghan, J.) (16 Conn. L. Rptr. 409, 411)." Id.
In the instant case, the plaintiff inserted the words "wantonly and willfully," apparently in an attempt to transform Counts Six and Ten from negligence to other. Paragraph 27 of Count Six and paragraph 30 of Count Ten state that "the injuries, pain, suffering, untimely death and losses were proximately caused by the gross negligence of the Defendant[s]." They allege that the defendants did such things as: "wantonly and willfully knew or should have known"; "wantonly and willfully failed to establish, construct, alter, maintain, repair and properly control"; "wantonly and willfully failed to create and provide for"; "wantonly and willfully failed to properly layout, construct, alter, maintain, repair, control and operate"; and "wantonly and willfully failed to keep street safe." These allegations are not claims of wanton and willful behavior. Therefore, the defendant's motion to strike the Sixth and Tenth Count is granted.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT