## STELLA DOMBROWSKI
*vs.*
## WALTER DOMBROWSKI

Superior Court        Hartford County        File #59089

### MEMORANDUM FILED DECEMBER 8, 1938.

Myron A. Burgess, of Thompsonville, for the Plaintiff.

Frederick J. Rundbaken, of Hartford; Ralph G. Woolfson, of Hartford; J. F. Ryter, of Hartford, for the Defendant.

WYNNE, J.   The defendant's brief is well written and is persuasive in argument that there is no difference in principle between husbands and wives in connection with motions such as the present.   The difficulty is that only by force of statute can orders be made in divorce actions.   Allowances to a wife to prosecute or defend are in the nature of alimony *pendente lite*.   Such orders are made by virtue of the statute (Gen. Stat. [1930] §5182) to a woman on complaint or cross-complaint. The Court is aware that there is ample authority for the application of equitable principles prompted by public policy. This does not permit judicial encroachments.   Until the statute was changed no Court would have been justified in permitting women to serve on juries on the theory that there was no longer any principle why they shouldn't so serve.   The statute had to be changed so that defined qualifications did not include the term "men."   No Court would have held that the term was generically comprehensive rather than restrictive in definition and use.   So here where the statute says "woman", this Court holds that it has no right to include men.

The motions are denied.