JANE HILLEN, ADMX.
*vs.*
JOHN A. MACDONALD, HIGHWAY COMMISSIONER

Superior Court          Fairfield County          File No. 54860

MEMORANDUM FILED MARCH 7, 1939.

*Samuel Reich*, of Bridgeport, for the Plaintiff.

*Robert L. Halloran,* of Hartford, for the Defendant.

O'SULLIVAN, J.   The plaintiff's decedent was killed in an accident occurring while he was operating an automobile over a trunk line highway in the Town of East Hampton.   His administratrix has brought this action against the state highway commissioner and in her complaint she sets forth two causes of action in separate counts.   The first is based on the theory that the highway was in a defective condition and that this condition was the sole cause of the accident.   Such a cause of action is permitted under the authority of section 1481 of the General Statutes, Revision of 1930.

The second count proceeds on the theory that the condition of the highway created a nuisance, and that as this nuisance caused the fatality, the highway commissioner should be held liable.   I refuse to attempt a justification of the legal anachronism that the state can do no wrong, nor am I in sympathy with such a principle.   However, the present status of the law is such as to require the holding that no common-law right exists against the sovereign.   The extent to which one injured by a wrongful act of the state may go is limited by the provisions of those statutes which permit recovery within definite limitations.   At no time has the state conferred the privilege of recovery for nuisance.   Hence, the second count cannot be entertained.

The main facts in support of the first count are these:   The decedent was operating an automobile westerly over a trunk line highway in the Town of East Hampton.   For a period of about 20 minutes before he reached the scene of the accident, wet snow had been falling and freezing upon the ground.   Prior to this, the highway had been dry and clean.   Eventually, the decedent reached a bend in the highway just west of East Hampton's business center.   This bend is approximately at the summit of a moderately steep hill one-half mile long.   The decedent passed over the crest at a speed of 20 miles an hour and proceeded onward until he was about half-way down the hill when his car skidded to the wrong side of the highway and collided with another car headed easterly.   As a result of the crash, the fatality occurred.   The sole cause of the accident was the ice which had been created by the storm and the freezing temperature.   The highway was not reasonably safe for

public travel at the time. Hence, it was in a defective condition. *Dunn vs. MacDonald,* 110 Conn. 68, 78. But this condition was not due to any neglect or default on the part of the highway employees. Within a short time after snow began to fall, the foreman in charge of the section which included this hill, had a large truck on the highway and, with the assistance of two other employees of the state, was engaged in spreading sand upon the icy surface. At the time of the accident, the truck which was working easterly, had reached the bottom of the hill.

The plaintiff argues, however, that the foreman should have gone to the top of the hill as soon as he discovered the icy condition and either closed the highway to traffic or warned the traveling public of the danger ahead. Considering all of the circumstances, I cannot agree that reasonable care required such conduct. There is no evidence of a single prior accident upon this hill under similar conditions from which it might be reasoned that with the knowledge of the possibility of mishaps when ice formed, some care to inform travelers should have been given. The grade of the hill was not abnormal. Other cars ahead of that operated by the decedent were able to descend and these cars were passing the truck operated by the foreman.

The same and similar reasons dispose of the other claim of the plaintiff that there should have been regularly placed warning signs east of the crest of the hill from which the traveling public would learn of the impending danger of an icy hill. Actually, there was a sign in that vicinity which advised of the presence of a hill and to have included upon it the words "slippery when covered with ice" would add nothing to the information of any person. When the decedent came along, he was aware of the ice because he had been driving over it for several miles. The condition was not one localized to this hill. The sign upon the crest was a warning of a hill, which under all the circumstances was ample.

Though the highway was in a defective condition, this was not due to any neglect or default on the part of the highway department. Judgment must then enter for the defendant.