FANNIE HERZOG, ADMX.
(Estate of Samuel Herzog)
*vs.*
STATE HIGHWAY COMMISSIONER

IDA HERZOG
*vs.*
STATE HIGHWAY COMMISSIONER

Superior Court    New Haven County    File Nos. 61613, 61614

MEMORANDUM FILED APRIL 20, 1942.

*Samuel M. Silver,* of New Haven, for the Plaintiffs.

*Herman J. Weisman,* of Waterbury, and *Harry L. Brooks,* Assistant Attorney General, for the Defendant.

BOOTH, J. The above-entitled cases were tried together. In one damages were claimed for the death of the plaintiff's decedent and in the other damages were claimed for the personal injuries of the plaintiff.

In each case it is alleged that the damages were produced by the failure of the defendant to maintain a certain highway in a reasonably safe condition for use or by the creation of a nuisance.

The claimed defect and nuisance are alleged to have consisted of a tree. According to the evidence this tree was located on the easterly side of the State highway in the Town of Watertown known as Main Street and was 6.9 feet east of the concrete portion of the road and 2.4 feet east of the easterly shoulder thereof. The road itself consisted of a strip of cement 18 feet in width on the easterly side of which was an oiled shoulder 4.5 feet in width.

According to the evidence the plaintiffs were passengers in an automobile which, about 1:30 to 2 o'clock p.m., on July 20, 1941, was being operated in a northerly direction along the highway in question when the operator thereof directed it to its right for the purpose of permitting another car which was in its rear to pass; that in so doing the car in which the plaintiffs were riding was caused to veer to its right and to continue along the easterly shoulder of the road for a considerable distance and into the tree before referred to, as a result of which one of the plaintiffs suffered injuries from which he died and the other suffered personal injuries less severe in results.

At the time of the collision and for sometime prior thereto the portion of the road in the vicinity of the tree was under construction and was duly posted by the defendant in accordance with section 1513 of the General Statutes, Revision of 1930.

From all of the evidence it is found that the existence of the tree in question being located 2.4 feet east of the easterly line of the aforesaid oiled shoulder did not render the highway in question so inherently dangerous and a menace to the safety of the users thereof as to constitute a nuisance.

It is further found from the evidence that the existence of the tree in the location which it occupied in relation to the highway in question did not constitute a defect in such highway. It is further found from the evidence that the operator of the automobile in which the plaintiffs were riding was negligent in the manner in which he operated his car and that such negligence was a proximate cause of the collision which produced the injuries and death alleged.

Such being the situation in respect to the conduct of the operator of the plaintiff's car, even though it be assumed that the tree in fact constituted a defect in the highway through the negligence of the defendant, no recovery could be had by the plaintiffs against the defendant for injuries caused thereby, for the reason that such defect was not the sole proximate cause of such injuries. Roth vs. MacDonald, 124 Conn. 461, 463.

According to the law as laid down in Belhumuer vs. Bristol, 121 Conn. 475; State vs. Bloomfield Construction Co., Inc., 126 id. 349, 357 and in McManus vs. Jarvis, 128 id. 343, no liability rests upon the Highway Commissioner for his failure to maintain a highway in a reasonable safe condition for public travel, where such highway is posted in accordance with section 1513 of the General Statutes, Revision of 1930.

In view of the fact that the highway in question was thus posted it must be held that the plaintiffs, in using it as they did, assumed the risk of injury even though their injuries were in fact due to a defective condition of the highway. In short, each plaintiff failed to make out a case of liability against the defendant.

Judgment may therefore enter for the defendant in each case, and for the defendant in each case to recover of the plaintiff his costs.