## R. N. HARRISON & SONS CO. ET AL.
*vs.*
## FRESH FISH CARRIER'S, INC. ET ALS.

Court of Common Pleas    New Haven County    File No. 33686

**MEMORANDUM FILED FEBRUARY 24, 1943.**

*T. Holmes Bracken,* of New Haven, for the Plaintiffs.

*Sachs, Sachs & Sachs,* of New Haven, for the Defendant Highway Commissioner.

FITZGERALD, J. Plaintiffs, as the equitable owners of certain real estate located adjacent to a State highway in the Town of Branford, bring this action to recover damages of the Fresh Fish Carrier's, Inc., a Massachusetts corporation, and the Highway Commissioner of this State. The complaint is in one count and purports to set up a joint liability on the part of all defendants.

The theory of action in so far as the Highway Commissioner is concerned is predicated upon the allegations that the Commissioner, through an engineer in his department, issued a permit to H, a contractor, authorizing him to dig up a portion of the highway in question on the south side thereof for the purpose of installing water service to the adjoining property of one M, and after the installation was completed the contractor left a hole over eight inches in depth and two feet in diameter which remained in this condition for several weeks and that on August 13, 1942, a truck of the defendant Fresh Fish Carrier's, Inc., passed on and over the hole resulting in a loss of control by the operator and the deflection of the truck off of the highway upon the plaintiffs' property and causing certain damages thereon. Other specific allegations are recited, to wit: the highway is a State highway; the Commissioner through his agents know or should have known of the existence of the hole and had an adequate opportunity to remedy the condition; a failure of inspection of the highway

and a failure to inspect and supervise the work of H, the contractor; the existence of a defect in the highway "and a nuisance, being a dangerous and hazardous condition the natural result and effect of which would be to cause damage to . . . . trucks using said highway and to the property of owners adjacent upon said highway by causing . . . . trucks using said highway to get out of control."

The theory of action in so far as the other defendants are concerned (owner of truck and operator) is predicated upon the allegations of unreasonable speed, weather conditions, failure to keep a proper lookout, failure to apply brakes after striking the hole, and defective brakes.

The Highway Commissioner demurs on two grounds which are the subject of this memorandum:

"1. Because an action against the Highway Commissioner for injuries caused by a defect in a state highway will lie only if the defect is the sole cause of the plaintiffs' injuries, and it appears from the complaint that said injuries were caused by the negligence of the other defendants, namely Fresh Fish Carrier's, Inc., and Albert Perry.

"2. Because in so far as said complaint attempts to proceed upon the theory of nuisance, there is no statutory provision for the maintenance of a suit against the State Highway Commissioner of the State of Connecticut for the maintenance of a nuisance."

*De first ground of the demurrer:*

As against the Highway Commissioner the plaintiffs' right of action, if any, is statutory. Gen. Stat. (1930) §1481; *Korzen vs. Southbury,* 124 Conn. 674, 677; *Roth vs. MacDonald,* Id. 461, 463; *Herzog vs. State Highway Commissioner,* 10 Conn. Sup. 514, 516. "It is the statute only, which entitles the plaintiff to compensation for his injury when that injury is caused through or by means of a defect in the highway. If the negligence of . . . . a third person is also a proximate cause, he cannot say with truth that he was injured by the defect; he can only say with truth that he was injured by . . . . another's carelessness and the defect, and the two combined give no cause of action under the statute." *Bartram vs. Sharon,* 71 Conn. 686, 690 (the landmark case on this aspect of law), quoted in the *Roth* case, *supra.*

The office of a demurrer, among other things, serves the

purpose of testing the legal sufficiency of the pleading to which it is directed. It follows, therefore, that the allegations of the plaintiffs' complaint are such as to fall under the dagger of the interposed demurrer on the first ground thereof.

*De second ground of the demurrer:*

The Highway Commissioner relies upon the memorandum of Judge O'Sullivan in *Hillen vs. MacDonald,* 7 Conn. Sup. 95, 96, for the proposition that "the extent to which one injured by a wrongful act of the state may go is limited by the provisions of those statutes which permit recovery within definite limitations. At no time has the state conferred the privilege of recovery for nuisance." *See, also, Dunn vs. MacDonald,* 110 Conn. 68, 71, and cases there cited.

The plaintiffs argue that the recent case of *Bacon vs. Rocky Hill,* 126 Conn. 402, establishes the proposition that damages may be recovered against the sovereignty by one who suffers injury by reason of the creation of a nuisance apart from any statutory liability. But it is to be noted that the complained wrong in the *Bacon* case related to the manner in which a selectman of the defendant town attempted to repair the highway in question with crushed stone. Also, there was only one defendant in that case—the town—and not two or more as in the case at bar. Moreover, the wrong complained of in the nature of a nuisance was a positive act of the municipality and not a neglect to take steps to remedy the defect. "Whenever a condition upon a highway makes it defective, there is a remedy under the statute, and where that condition is not due to any positive act of the [sovereignty] but is due to its neglect to take steps to remedy the defect, the statute affords the exclusive remedy, whether or not the defect is or might be found to be a nuisance." *Bacon* case, *supra,* p. 406. *See, also,* the very recent case of *Beckwith vs. Stratford,* 129 Conn. 506, *de* review of kinds of nuisances.

Again the allegations of the plaintiffs' complaint do not bear up, legally speaking, under the thrust of the interposed demurrer on the second ground thereof.

Accordingly, the demurrer is sustained on both grounds.