The Connecticut rule is that a right of action against the highway commissioner is maintainable, if at all, only under the statute (General Statutes § 2201; as amended, Cum. Sup. 1953, § 964c) and that no right exists in the domain of an alleged nuisance. Hillen v. Macdonald, 7 Conn. Sup. 95, 96;Harrison Sons Co. v. Fresh Fish Carrier's, Inc.,12 Conn. Sup. 14, 17. The rule that liability of a municipality apart from statute may exist for a nuisance created by a positive act (Bacon v. RockyHill, 126 Conn. 402, 407, to cite but a single case), has never been adopted in Connecticut as against the state or an official thereof.
The case of Hay v. Hill, 137 Conn. 285, cited by the plaintiff in resisting the interposed demurrer, does not advantage him. An examination of the record of that case on appeal discloses that the trial judge did not submit to the jury the second count of the plaintiff's complaint sounding in nuisance against the defendant highway commissioner. A-277 Recs. 
Briefs 339. The opinion of the Supreme Court therein is confined solely to the liability of the highway commissioner under the statute.
 The demurrer of the defendant highway commissioner, one of three defendants, to the seventh count of the complaint directed against him on the ground of alleged nuisance resulting in damage to the plaintiff's property caused by an excavation along a state highway is required to be sustained.