Thomas P. Murphy, Administrator (Estate of Thomas Murphy) *v.* Howard S. Ives, Highway Commissioner

Superior Court     New Haven County     File No. 98373
AT NEW HAVEN

Memorandum filed January 8, 1963

*Kinney & Reynolds,* of New Haven, for the plaintiff.

*Pullman, Comley, Bradley & Reeves,* of Bridgeport, for the defendant.

FitzGerald, J. The within action is one in which the plaintiff, as administrator upon the estate of Thomas Murphy, is seeking to recover damages for the death of his decedent. The complaint is in two counts. As drawn, the first count purports to allege a cause of action under the defective highway statute (§ 13-87) against the defendant highway commissioner, and the second count purports to allege a cause of action against the same defendant for creating by positive act a condition of danger, constituting a nuisance, which caused the death of his decedent. To the second count the defendant demurs on the ground that as highway commissioner liability can only attach to him for breach of duty under the statute and not in nuisance, which is the basis of that count.

While the action is one against the defendant as highway commissioner of the state of Connecticut,

it is in effect one against the state as a sovereign. *Anderson* v. *Argraves,* 146 Conn. 316, 320; *Somers* v. *Hill,* 143 Conn. 476, 479. And this is so even though the state is not named as a defendant. *Somers* v. *Hill,* supra. This is because "a suit against [the highway commissioner] is a suit against the sovereign." *Tuckel* v. *Argraves,* 148 Conn. 355, 357. The established law of Connecticut is that the state cannot be sued except with its consent. *Anderson* v. *Argraves,* supra, 319, and cases cited. In certain prescribed instances, consent is manifested by statutory enactments of the legislature. See *Bergner* v. *State,* 144 Conn. 282, 287. One of such statutes (presently § 13-87) is that upon which the first count of the complaint in the within action is based.

In a ruling on a demurrer similar in scope to that addressed to the second count of the complaint in the within action, the following statement of the trial court in *Kreidler* v. *Cecio Bros., Inc.,* 19 Conn. Sup. 477, 478, is apropos and deemed decisive of the interposed demurrer: "The Connecticut rule is that a right of action against the highway commissioner is maintainable, if at all, only under the statute [§ 13-87] and that no right exists in the domain of an alleged nuisance. *Hillen* v. *Macdonald,* 7 Conn. Sup. 95, 96; *Harrison & Sons Co.* v. *Fresh Fish Carrier's, Inc.,* 12 Conn. Sup. 14, 17. The rule that liability of a municipality apart from statute may exist for a nuisance created by a positive act *(Bacon* v. *Rocky Hill,* 126 Conn. 402, 407, to cite but a single case), has never been adopted in Connecticut as against the state or an official thereof." In Wright, Connecticut Law of Torts § 90, at page 129, the *Kreidler* case, supra, and two cases referred to in the memorandum of that case are cited in a footnote in support of a statement in the text which reads: "[W]hile a municipality may be liable for defective

highways under the nuisance theory, there is no such liability for the State or its Highway Commissioner . . . ." See also id. § 133, and the cases against municipalities in nuisance cited in the footnotes.

It may be that the Connecticut law on this precise subject is archaic, as contended by the plaintiff's counsel in argument. Be that as it may, it is the function of trial courts to follow the established law and leave to the Supreme Court of Errors of Connecticut or the legislature any sweeping innovations therein if such are desirable from the standpoint of the present era.

The demurrer addressed to the second count of the complaint by the defendant highway commissioner is required to be, and is, sustained.