STANLEY B. WASKIEWICZ *v.* MARY M. WASKIEWICZ

SUPERIOR COURT          TOLLAND COUNTY          FILE NO. 14326

Memorandum filed November 16, 1972

*King, DuBeau & Ryan,* of Rockville, for the plaintiff.

*Joseph F. Ryter,* of Hartford, for the defendant.

ARMENTANO, J. In this divorce action, the plaintiff husband has filed a motion to amend his complaint, seeking to amend his prayer for relief by adding a claim for alimony and counsel fees.

Section 46-21 of the General Statutes reads in part as follows: "The superior court may assign to any woman divorced by such court a part of the estate of her husband and, in addition thereto or in lieu thereof, may order alimony to be paid from the husband's income, may change her name and may order alimony pendete lite to be paid to the

wife in any complaint or cross-bill for divorce pending in said court." It is clear by the wording of this statute that the Superior Court can grant alimony only to any "woman." "[W]here the statute says 'woman', this Court holds that it has no right to include men." *Dombrowski* v. *Dombrowski,* 6 Conn. Sup. 467. Until this statute is amended or changed to include men, this court is without authority to grant alimony to the plaintiff husband.

The court has read the scholarly brief of the plaintiff husband and listened, with great interest, to his persuasive argument. This court is aware of the recent emancipation of women socially, professionally, politically and economically, and particularly in the area of employment opportunity. Women are no longer restricted to certain types of work and are entitled to equal pay for equal work. It may well be that this may be the time for a reexamination of the philosophy behind the above alimony statute, but it is also well to keep in mind that the legislature is always available to amend or change any statute which is publicly unacceptable or no longer consistent with modern society.

"It may be that the Connecticut law on this precise subject is archaic, as contended by the plaintiff's counsel in argument. Be that as it may, it is the function of trial courts to follow the established law and leave to the Supreme Court . . . of Connecticut or the legislature any sweeping innovations therein if such are desirable from the standpoint of the present era." *Murphy* v. *Ives,* 24 Conn. Sup. 158, 160.

Accordingly, for the foregoing reasons, the plaintiff's motion to amend complaint, dated October 12, 1972, is denied.