[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is a motion to strike testing the legal sufficiency of this lawsuit against the defendant Castelano, a liquor permitee and bar owner.
The plaintiff, Randall Bioski, administrator of the estate of Terrie L. Bioski ("decedent"), initiated this lawsuit personally and on behalf of the decedent's estate. The action arises out of a motor vehicle accident in which the decedent, CT Page 2711 the plaintiff's wife, was fatally injured. The amended complaint, which is the subject of this motion, alleges that agents of the defendant Brass City Cafe, Inc., and defendant Joseph Castelano, as owner and permittee of the Brass City Cafe, served alcohol to Joann Bioski, who was visibly intoxicated and was the operator of the vehicle in which the decedent was a passenger at the time of the accident.
The amended complaint is in ten counts. The first five counts are brought on behalf of the estate, the last five are brought on behalf of the plaintiff personally as loss of consortium claims. The first and sixth counts sound in reckless and wanton behavior, the second and seventh counts assert causes of action based on the Dram Shop Act, General Statutes § 30-102; the third and eight counts sound in negligent service of alcohol; the fourth and ninth counts sound in gross negligence; and the fifth and tenth counts sound in negligent supervision.
The defendants move to strike the 3rd, 4th, 5th, 8th, 9th and 10th counts of the amended complaint.
"The grounds for a [motion to strike] may be that the facts, as pleaded, do not constitute a legally cognizable claim for relief." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978).
A. Third and Eight Counts — Negligent Service of Alcohol
As noted above, the third and eighth counts are based on the negligent furnishing of alcohol. The defendant argues that Connecticut does not recognize such a cause of action.
 At common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated. "While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury. Boehm v. Kish, 201 Conn. 385, 389, 517 A.2d 624
(1986); Kowal v. Hofher, [181 Conn. 355, 357-58, 436 A.2d 1 (1980)]; Slicer v. Quigley, 180 Conn. 252, CT Page 2712 255-56, 429 A.2d 855 (1980); Nelson v. Steffens, 170 Conn. 356, 358-59, 365 A.2d 1174 (1976); Moore v. Bunk, 154 Conn. 644, 647, 228 A.2d 510 (1967); Nolan v. Morelli, 154 Conn. 432, 436, 226 A.2d 383 (1967)." Ely v. Murphy, 207 Conn. 88, 92-93, 540 A.2d 54
(1988).
Quinnett v. Newman, 213 Conn. 343, 345-46, 568 A.2d 786 (1990). The plaintiff, while agreeing with the defendant that the supreme court does not recognize a cause of action against a liquor vendor for the negligent service of alcohol, argues that this court should recognize such a cause of action. Regardless of the merits of the plaintiff's arguments, which are not addressed here, whether a supreme court holding should be reevaluated and possibly discarded is not normally a decision for the superior court. Board of Education v. BridgeportEducation Assn., 9 Conn. App. 199, 203-04, 518 A.2d 394, cert. denied, 202 Conn. 802, 519 A.2d 1206 (1987); see also Murphy v.Ives, 24 Conn. Sup. 158, 159, 188 A.2d 68 (Sup.Ct. 1963), aff'd151 Conn. 259, 196 A.2d 596. This court is bound to follow the holding of the supreme court. Murphy v. Ives, supra, 24 Conn. Sup. 159 ("[I]t is the function of the trial courts to follow the established law and leave [to] the Supreme Court . . . or the legislature any sweeping innovations. . . .") The court notes the General Assembly has had the opportunity to provide such a statutory remedy if it wished to do so, but has chosen not to do so.
The defendants' motion to strike the third and eighth counts of the amended complaint is granted.
B. Fourth and Ninth Counts — Gross Negligence
In the fourth and ninth counts of the amended complaint, the plaintiff alleges that the accident was caused by the gross negligence of the defendants, in that they served numerous and vast quantities of alcohol to Joann Bioski when she was visibly intoxicated and when the defendants knew or should have known that Joann Bioski intended to operate a vehicle upon leaving the cafe. In addition, the plaintiff alleges that the defendants were grossly negligent in failing to call a cab for the decedent and Bioski when both were visibly intoxicated, in failing to perceive the substantial and unjustifiable risk of serious injury and/or death posed by Joann Bioski's operation of a motor vehicle; in failing to employ a sufficient number of employees CT Page 2713 to monitor the condition of patrons in the establishment; and in failing to have established policies for refusing service to intoxicated patrons.
The defendants argue in support of the motion to strike counts four and nine that Connecticut does not recognize a common-law cause of action for gross negligence in the service of alcohol. The supreme court has held that
 [w]hile the term gross negligence appears in certain criminal statutes and proceedings, State v. Carty, 120 Conn. 231, 234, 180 A. 287; State v. Goetz, 83 Conn. 437, 441, 76 A. 1000; State v. Campbell, 82 Conn. 671, 677, 74 A. 927, gross negligence has never been recognized in this state as a separate basis of liability in the law of torts. We have never recognized degrees of negligence as slight, ordinary, and gross in the law of torts. Dickerson v. Connecticut Co., 98 Conn. 87, 89, 118 A. 518.
Decker v. Roberts, 125 Conn. 150, 157, 3 A.2d 855 (1939).
 [Connecticut does] not recognize a classification of standards of care into slight, ordinary, and gross, or the like, except in certain definite relationships[,] . . . but "due care may in any given case mean great care." . . . The standard of care remains the same — that which a reasonably prudent person would exercise under the same circumstances — but the amount or degree of care is dependent on the surrounding circumstances. . . .
(Citations omitted.) Film v. Downing Perkins, Inc., 135 Conn. 524,526 (1949).
In Kowal v. Hofher, 181 Conn. 355, 357-58, 436 A.2d 1
(1980), the supreme court overruled a trial court's granting of a motion to strike the a complaint which stated a cause of action for "gross negligence and wanton and reckless conduct" in the furnishing of alcohol. The court, however, expressly confined its ruling to the allegations of wanton and reckless conduct, not the allegations based on gross negligence; Id., 359 n. 3; and the court recognized a cause of action only for wanton and reckless conduct in the furnishing of alcohol. The court noted that the restraints for proximate cause which limited a cause of action based on negligence did not apply to a claim for CT Page 2714 reckless and wanton conduct. The court's holding was
 based primarily on the notion that one ought to be required, as a matter of policy, to bear a greater responsibility for consequences resulting from his acts when his conduct is reckless or wanton than when his conduct is merely negligent. See Restatement (Second), 2 Torts 501, comment (a).
In elaborating the basis of its decision, the court held that
 [t]he reason that intentional and reckless misconduct are treated the same is that the conduct in both cases is outrageous, and, the difference between the two in a conceptual sense is microscopic. "Wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action. Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct." Menzie v. Kalmonowitz, 107 Conn. 197, 199, 139 A. 698 (1928).
 An examination of the policy considerations involved in legal cause persuades us that there is no logical reason for denying the plaintiff a recovery based on proof of wanton and reckless misconduct.
Id., 361-62. Policy considerations extending causation for reckless conduct — and thus establishing the requisite causation on which to base a cause of action for reckless and wanton conduct in the furnishing of alcohol — do not apply to a cause of action based on gross negligence, because Connecticut does not recognize a distinction between civil negligence and gross negligence. Accordingly, conduct amounting to gross negligence would be subject to the same limitations of proximate cause which have prevented the supreme court from recognizing a cause of action for the negligent furnishing of alcohol. See Olson v.Tompkins, 4 Conn. L. Rptr. 786 (1991) ( Pickett, J.). Connecticut does not recognize a separate cause of action for gross negligence; Decker v. Roberts, supra, 125 Conn. 157. The motion to strike counts four and nine is granted.
C. Fifth and Tenth Counts — Negligent Supervision
CT Page 2715
In the fifth and tenth counts, the plaintiff asserts a cause of action for negligent supervision. The plaintiff alleges that the defendants failed to maintain a sufficient number of employees to monitor the amount of alcohol consumed by Joann Bioski and the decedent, failed to take reasonable measures to prevent "likely" injuries caused by Joann Bioski's intoxication, failed to call a cab for Joann Bioski and the decedent, failed to enforce reasonable rules concerning the protection and safety of intoxicated patrons, and failed to prevent Joann Bioski from driving in an intoxicated state.
The defendants move to strike these counts, arguing that the allegations merely state a common law cause of action for the negligent furnishing of alcohol. The plaintiff argues that the allegations support a claim for negligent supervision, which, the plaintiff argues is supported by Nolan v. Morelli,154 Conn. 432, 436, 226 A.2d 383 (1967). In Nolan, the court noted that
 if a cause of action is not predicated on the defendant's furnishing, whether by sale or gift, intoxicating liquor, it would not fall within the common-law rule that the consumption, rather than the furnishing, of intoxicating liquor is the proximate cause of intoxication and of any resulting damage to person or property.
 Thus, a cause of action predicated on negligence in the failure of the proprietor of a restaurant, or his servants or agents, to exercise reasonable care in the supervision of the conduct of patrons or other business visitors within his establishment would be unaffected by the common-law rule, whether they were or were not intoxicated and, if intoxicated, regardless of when, where, or how they became intoxicated. In such a situation, a patron or business visitor of the establishment who sustained an injury in person or property as a consequence of such negligence in supervision might have a common-law cause of action under the rule of cases such as Lowthert v. Loyal Order of Moose of Stamford, Lodge 940, Inc., 147 Conn. 529, 533, 163 A.2d 106.
(Footnote omitted.) Nolan v. Morelli, supra, 154 Conn. 440-41. CT Page 2716 The cause of action for negligent supervision, however, is based on conduct amounting to the defendant proprietor's failure "to exercise reasonable care in the supervision of the conduct of the of patrons or other business visitors within his establishment," rather than the proprietor's negligence in furnishing alcohol. Id. In cases that have recognized such a cause of action, the plaintiffs were injured by other patrons on the premises of the defendant, and the injuries were allegedly caused by the defendants' failure to supervise the other patrons and provide a safe business environment. See Olson v. Tompkins,4 Conn. L. Rptr. 786 (1991) (Pickett, J.); Kozanski v.The Tobacco Shed, Inc., 1 Conn. L. Rptr. 26 (1989) (Hennessey, J.); DiBiaso v. Rusty Scupper Restaurant, 4 CSCR 355 (1989) (Clark, J.). In these case, the resulting injuries were not alleged to have been caused by the defendants' conduct in furnishing intoxicating beverages, but by the failure to control unruly patrons who happened to be intoxicated.
As the court in Nolan instructs, the cause of action for negligent supervision, in order to avoid the limitations imposed by the effect of the doctrine of proximate cause, must not be predicated on the furnishing of alcohol. In the present case, the conduct alleged to be negligent concerns the defendants' failure to use reasonable care in the furnishing of alcohol to Joann Bioski. The gravamen of the fifth and tenth counts is that the defendants failed to take reasonable measures to avoid likely injuries caused by Joann Bioski's intoxication, failed to enact sufficient procedures to monitor the amount of alcohol served to Joann Bioski, and failed to prevent Ms. Bioski from driving after serving her excessive quantities of alcohol. The fifth and tenth counts assert claims based on the negligent furnishing of alcohol. Sego v. Debco, Inc.,9 Conn. L. Rptr. 518
(1993) (Jones, J.) (similar allegations arising out of same factual scenario, cause of action based on negligent supervision stricken as asserting only a claim for negligent furnishing of alcohol); Fitzpatrick v. East Hartford B.P.O. Elks,3 Conn. L. Rptr. 163 (1991) (Clark, J.) (allegations that plaintiff was injured in an automobile accident after allegedly intoxicated driver left the defendants' establishment failed to state cause of action for negligent supervision); cf. Kozanski v. The TobaccoShed, Inc., supra, 1 Conn. L. Rptr. 26 (negligent supervision cause of action is based on failure to supervise other patrons and prevent injuries, and action is therefore distinct from action based on furnishing alcohol). CT Page 2717
In support of the objection to the motion to strike the fifth and tenth counts, the plaintiff cites Fleming v. Garnett,231 Conn. 77, 83-84, A.2d (1994), wherein the court noted that "a possessor of land has a duty to conduct its business operation in a manner that does not create an unreasonable risk of physical harm to those outside of the premises; 2 Restatement (Second) Torts § 371 (1965); W. Prosser W. Keeton, Torts (5th ed. 1984) § 57; and this duty may include the duty to warn invitees of conditions that pose reasonably foreseeable dangers to the public. W. Prosser W. Keeton, supra, § 33, pp. 191-99; 2 Restatement (Second), Torts §§ 290, 302, 343 (1965)." Although the plaintiff may have identified a duty on the part of the defendants, the issue of proximate causation still defeats these claims. As noted by the court in Quinnett v. Newman, supra, 213 Conn. 345-46, quotingEly v. Murphy, supra, 207 Conn. 92-93,
 [a]t common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated. `While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury.
(Emphasis added.)
The fifth and tenth counts, although entitled negligent supervision, allege a cause of action based on the negligent furnishing of alcohol. Therefore, the motion to strike the fifth and tenth counts is granted. Quinnett v. Newman, supra,213 Conn. 345-46.
FLYNN, J. CT Page 2718
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 2724