[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Motion before the Court raises legal issues about (1) whether the complaint is sufficient to state a claim for reckless conduct; and (2) whether a negligence or recklessness claim can be brought in the same complaint as a claim under the Dram Shop Act, or whether a claim under the Dram Shop Act is a plaintiff's exclusive remedy.
The defendants, a liquor store and its permittee/owner, move to strike counts one and four of the revised complaint Counts one and four allege recklessness and negligence by the defendants in CT Page 8133 selling liquor to a third party who subsequently operated a motor vehicle in which the plaintiff's decedent was a passenger and was fatally injured when the vehicle was involved in an accident.
The defendants move to strike on the basis that (1) the allegations in the first count are insufficient to state a claim for recklessness, and (2) Connecticut does not recognize a cause of action for negligence in selling alcohol to adults known to be intoxicated and, therefore, count four is not a legally cognizable cause of action The plaintiff has not filed a response to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint. . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint The court must construe facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 240 Conn. 580. In addition, "[t]he ground for [a motion to strike] may be that the facts, as pleaded, do not constitute a legally recognizable claim for relief." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978).
In count one, paragraph 4, the plaintiff alleges that "[t]he accident and the plaintiff's injuries and losses . . . were in consequence of the [driver's] intoxication which was caused by the wanton and reckless action of the [defendants] in that they sold to the [driver] excessive amounts of alcoholic liquor, consisting of a six pack of beer but as the buyer was already intoxicated arriving at the store, this was an excessive amount" Count One, ¶ 4; see also Count One, ¶ 2 (same).
A cause of action for wanton or recklessness misconduct against a vendor of alcohol is recognized by the Connecticut Supreme Court; see Kowal v. Hofher, 181 Conn. 355, 360-62,436 A.2d 1 (1980); and is not barred by the Dram Shop Act See id., 358; Fitzpatrick v. East Hartford B.P.O. Elks, Superior Court, CT Page 8134 judicial district of Hartford-New Britain at Hartford, Docket No. 380905 (January 25, 1991, Clark, J.); see also Hussein v. FiveForty Associates, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147252 (January 22, 1996, Tobin, J.).
"Wanton conduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action. [Willful] misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of [willful] misconduct Kowal v. Hofher, supra, 181 Conn. 362. Willful, "wanton" or "reckless" conduct has been defined as that which "`tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention.'" Dubay v. Irish, 207 Conn. 518, 533,542 A.2d 711 (1988), quoting W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214. "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim or reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46, 492 A.2d 219 (1985). "A claim for wanton and reckless misconduct, which is unsupported by sufficient alleged facts to support it, is a mere conclusion of law and is subject to a motion to strike." Muckle v. Francis, Superior Court, judicial district of New London at New London, Docket No. 518276 (August 13, 1992, Leuba, J.), citing Sheiman v. Lafayette Bank Trust Co., supra, 4 Conn. App. 46.
To state a sufficient claim for wanton or reckless conduct in the sale of liquor to an intoxicated person, the plaintiff "must at least allege some elements which go beyond the mere conclusion that the defendants served an intoxicated person." Shift v. MyBrother's Place Ltd., Superior Court, judicial district of Middlesex at Middletown, Docket No. 065559 (March 5, 1993, Higgins, J.). "An allegation that [the] defendants `knew' the individual was intoxicated, without more, is insufficient."Dziekan v. Shillelagh, Superior Court, judicial district of New Haven at New Haven, Docket No. 346440 (November 12, 1992, Zoarski, J.).
Several courts which have concluded that such a claim is CT Page 8135 sufficient to state a cause of action have done so based on allegations in the complaint "which plead facts to demonstrate how the defendant would have known that the individual was intoxicated, as opposed to simply pleading the conclusion", id.; This line of cases requires observable manifestations or specific characteristics of intoxication. See: Hussein v. Five FortyAssociates, supra, Superior Court, Docket No. 147252 (allegations that third party was "heavily and visibly intoxicated" when the defendants sold her alcohol was sufficient); Castillo v. Brito, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394099 (Oct 28, 1991, Hennessey, J.) (6 C.S.C R. 1099) (allegations of visible intoxication through "loud," "boisterous" and "argumentative" behavior and "violent proclivities" was sufficient); Kirchmeier v. Foshay, Superior Court, judicial district of Litchfield, Docket No. 049195 (March 17, 1989, Pickett, J.) (4 C.S.C.R. 337) (allegations that the decedent "was disoriented and unable to walk properly" was sufficient).
Not only does the plaintiff in the present case fail to allege how the defendants would have known that the purchaser of the liquor was intoxicated, the plaintiff fails even to allege that the defendants knew that the purchaser was intoxicated, alleging merely the conclusory statement that "the buyer was already intoxicated arriving at the store," and "that they sold to the [buyer] excessive amounts of alcoholic liquor, consisting of a six pack of beer but as this was an excessive amount." The allegations of count one fail to sufficiently allege wanton or reckless conduct by the defendants in selling liquor to an intoxicated person, and therefore the defendants' motion to strike count one is granted.
In count four, the plaintiff alleges that Connecticut does not recognize a cause of action for negligence in selling alcohol to adults known to be intoxicated and, therefore, count four is not a legally cognizable cause of action. The Court agrees.
Although "there is no specific provision in [the Dram Shop Act, General Statutes § 30-102] which bars a common-law action or otherwise preempts the field of liability of a seller of liquor"; Kowal v. Hofher, supra, 181 Conn. 358; "there is no common-law action in negligence against one who furnished intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another." Id., 357. CT Page 8136 "Such a claim has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury." (Internal quotation marks omitted.) Bohan v. Last, 236 Conn. 670, 676, 674 A.2d 839
(1996); see also Kowal v. Hofher, supra, 181 Conn. 357-58 ("The reason underlying this rule is that the proximate cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee."). Thus, "[i]f the plaintiff has no cause of action against [a vendor] for negligence, it is not the statute but rather the common law which denies the plaintiff a right of recovery." Kowal v. Hofher, supra, 181 Conn. 358-59.
Because the common law does not recognize such a cause of action in negligence, the defendants' motion to strike count four of the revised complaint is granted. Accord Aviles v. Fox, supra, Superior Court, Docket No. 158427; Bioski v. Castelano, Superior Court, judicial district of Waterbury, Docket No. 115265 (14 Conn. L. Rptr. 346).
Given the hierarchical nature of our judicial system, the importance our highest court places on precedent and the stability of legal relations that following precedent produces the court declines to depart from our common law. The Supreme Court has made it clear that where it has spoken unequivocally, its precedent binds the lower courts unless and until the Supreme Court itself chooses to change one of its prior rules. See: JollyInc v. Zoning Board of Appeals, 237 Conn. 184, 195.
FLYNN, J.