[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, James H. Herbert, brought this action against the defendants, Kildub, Inc. ("Kildub"), Richard Guilfoyle ("Guilfoyle"), Maryland Casualty Company ("Maryland Casualty"), Zurich American Insurance Company of Illinois ("Zurich American") and Alan T. O'Dwyer ("O'Dwyer") for damages he received as a result of an automobile accident. The plaintiff alleges that he was injured when his vehicle was struck in the rear by the defendant, O'Dwyer, while he was "operating his vehicle under the influence of alcoholic beverages.
The plaintiff alleges that the defendant, Kildub, Inc., is a Connecticut corporation which "owned, operated, controlled and/or was in possession of a business known as the Playwright Café." The plaintiff further alleges that the defendant, Guilfoyle, was the permittee of said establishment. The plaintiff alleges that the defendant, O'Dwyer, was a patron at the Playwright and became intoxicated before leaving in his automobile.
In the first count, the plaintiff seeks to recover damages for his injuries pursuant to General Statutes § 30-102. In the second count, the plaintiff alleges that the defendants, Kildub and Guilfoyle, "their agents, servants and/or employees, acted with a disregard for the rights and safety of others and/or in a wanton or reckless manner . . . which conduct was a substantial factor in producing the plaintiffs injuries and damages."
The third count alleges that the defendants, Kildub and Guilfoyle, were negligent and/or careless "in that they failed to supervise or properly supervise their employees at the Playwright Cafe; . . . failed to establish and/or implement precautionary procedures when they knew or should have known it would be unreasonable not to do so under the circumstances then and there existing; . . . failed to properly warn or instruct their employees regarding the hazards of drinking and driving; [and] . . . failed to properly monitor and control their business known as Playwright Café, in light of the consumption of alcohol by individuals such as Alan T. O'Dwyer." CT Page 9796
The plaintiff alleges that the defendants, Maryland Casualty and Zurich American, were corporations that"insured the defendants, Kildub, Inc., Richard Guilfoyle and/or Eric J. Whalen,[1] and/or the defendant's business known as the Playwright Cafe for liability and claims made pursuant to Connecticut General Statutes § 30-102, the Dram Shop Act." The plaintiff alleges that despite "demand and proof having been made and offered . . . the defendants, [Maryland Casualty] and [Zurich American] . . . refused to pay the plaintiff for his injuries, damages, and losses caused by the intoxication of [O'Dwyer], while a patron of the Playwright Café." In the fourth count, the plaintiff alleges that the actions of the defendants, Maryland Casualty and Zurich American, violated the Connecticut Unfair Insurance Practices Act ("CUIPA"), in violation of General Statutes § 38a-815, et. seq. In the fifth count, the plaintiff alleges that the defendants, Maryland Casualty and Zurich American, violated the Connecticut Unfair Trade Practices Act ("CUTPA"), in violation of General Statutes § 42-110 (a), et seq. In the seventh count, the plaintiff alleges that his injuries were the result of the negligence and/or carelessness of the defendant, O'Dwyer.
The defendants filed a motion to strike the third, fourth and fifth counts of the plaintiffs complaint. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . ., to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael. Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[F]or the purposes of a motion to strike, the moving party admits all facts well pleaded." RK ConstructorsInc. v. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997).
The defendants move to strike the third count "on the grounds that there is no common-law action in negligence against an individual or entity who furnishes by sale intoxicating liquor to a person who thereby voluntarily becomes intoxicated and in consequence of his intoxication injures the person or property of either himself or another." The Supreme Court has held that "there is no cause of action in negligence against one who CT Page 9797 furnished . . . intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another." Kowal v. Hofher, 181 Conn. 355, 357-58, 436 A.2d 1
(1980); see also Bohan v. Last, 236 Conn. 670, 676, 674 A.2d 839
(1996); Ouinnett v. Newman, 213 Conn. 343, 344, 568 A.2d 786
(1990) (holding that "neither a common law negligence action nor a public nuisance action against the vendor exists, . . . the legislature having filled this field through the enactment of General Statutes [§] 30-102, [the Dram Shop Act]").
"At common law, there was no cause of action stemming from the service of alcohol to a tortfeasor because the chain of causation was determined to be broken by the person's voluntary consumption of the intoxicating beverage." Davenport v. Ouinn,53 Conn. App. 282, 287, _ A.2d _(1999). "The reason underlying the rule is that the proximate cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee." Boehm v. Kish, 201 Conn. 385, 389,517 A.2d 624 (1986). The only exceptions to this rule are: (1) if the alcohol provider acts with wanton and reckless conduct; id., 390; or if the person served is a minor. Bohan v. Last, supra,236 Conn. 670. Neither exception applies in this case.
The plaintiff argues, in opposition to the motion to strike, that the third count alleges "negligent supervision and/or failure to properly monitor and control their business." This argument is similar to one made before this court, D'Andrea J.,
in Hussein v. 540 Corp., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147252 (Jan. 16, 1998,D'Andrea, J.,). The court held, in that case, that "the plaintiff attempts to circumvent these rules by pleading that the defendants are liable to him not for selling alcohol [to a patron], but rather for failing to call [him] a cab. The rule, discussed above, however, covers all negligence actions against one who furnished intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured . . . another." (Emphasis in original; internal quotation marks omitted; omissions in original.) Id. The court, D'Andrea, J., granted the defendants' motion to strike, finding that the count alleged "a negligence action against parties for whom the rule is intended to protect from negligence actions." Id.
In the present case, the plaintiff argues that the defendants CT Page 9798 are liable to him not for selling alcohol to O'Dwyer, but rather for failing to supervise and/or failing to properly monitor and control their business. "Of course if a cause of action is not predicated on the defendant's furnishing . . . intoxicating liquor, it would not fall within the common-law rule that the consumption, rather than the furnishing, of intoxicating liquor is the proximate cause of intoxication and of any resulting damage to person or property." Nolan v. Morelli, 154 Conn. 432,440, 226 A.2d 383 (1967). "As the court in Nolan instructs, the cause of action for negligent supervision, in order to avoid the limitations imposed by the effect of the doctrine of proximate cause, must not be predicated on the furnishing of alcohol."Bloski v. Castelano, Superior Court, judicial district of Waterbury, Docket No. 115265 (Mar. 21, 1995, Flynn, J.)
(14 Conn. L. Rptr. 346, 349).
"In Bloski v. Castelano, . . . the court, Flynn, J.,
concluded that [t]he gravamen of the [negligent supervision] counts is that the defendants failed to take reasonable measures to avoid likely injuries caused by Joan Bloski's intoxication, failed to enact sufficient procedures to monitor the amount of alcohol served to Joan Bloski, and failed to prevent Ms. Bloski from driving after serving her excessive quantities of alcohol. Therefore, the court granted the defendants' motion to strike the plaintiffs negligent supervision claims." (Internal quotation marks omitted.) Valle v. Andrews, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 552111 (Mar. 9, 1996, Hennessey, J.).
In the third count of the present complaint, the plaintiff alleges that the defendants, Kildub and Guilfoyle, their agents, servants and/or employees, were negligent and careless "in on or more of the following ways: (1) in that they failed to supervise or properly supervise their employees at the Playwright Cafe; (b) in that they failed to establish and/or implement precautionary procedures, when they knew or should have known it would be unreasonable not to do so under the circumstances then and there existing; (c) in that they failed to properly warn or instruct their employees regarding the hazards of drinking and driving; [and] (d) in that they failed to properly monitor and control their business known as Playwright Cafe, in light of the consumption of alcohol by individuals such as [O'Dwyer]."In this case, like Valle, the plaintiffs allegations are grounded in negligent service, not negligent supervision. As such, the third count of the plaintiffs complaint is legally insufficient and the CT Page 9799 defendants' motion to strike this count is hereby granted.
The defendants also move to strike the fourth and fifth counts of the plaintiffs complaint on the grounds that "they are legally deficient and fail to state a claim upon which relief may be granted. and on the grounds of improper joinder." The defendants argue that "to the extent that the [f]ourth [c]ount purports to set forth a cause of action based upon [CUIPA], this count is legally deficient because the [plaintiff is] not the [defendants'] insureds; the plaintiffs allegations of unfair settlement practices pertain solely to the [defendants'] handling of a single claim; and, there is no private cause of action based upon violations of [CUIPA]." The defendants argue that the fifth count, "which purports to set forth a cause of action based upon violations of [CUTPA], . . . fails as a matter of law because the plaintiff, as a third-party claimant, cannot maintain their cause of action against the defendants in light of the legal insufficiency of the [c]omplaint."
"The Connecticut Supreme Court to date has not determined whether CUIPA provides for a private right of action. . . . Superior Court decisions have long been divided on the issue." (Citations omitted.) Stabile v. Southern Connecticut HospitalSystems, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326120 (Oct. 31, 1996, Levin, J.)
(18 Conn. L. Rptr. 157).
Regardless, under General Statutes § 38a-816 (6), "the claimant must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice." (Alterations in original; internal quotation marks omitted.)Heyman Associates No. 1 v. Insurance Co. of Penn., 231 Conn. 756,796, 653 A.2d 122 (1995). "[C]laims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." Mead v. Burns, 199 Conn. 651, 659,509 A.2d 11 (1986).
Here, the plaintiff fails to allege facts showing a general business practice of the defendants, Maryland Casualty and Zurich American. Further, the complaint alleges only a single act of misconduct. The present case arises out of a single automobile accident and involves an isolated instance of alleged insurance misconduct. As such, the plaintiff has failed to allege facts amounting to a legally sufficient cause of action for a violation CT Page 9800 of CUIPA, and the defendants' motion to strike the fourth count of the plaintiffs' complaint is hereby granted.
The Supreme Court has explicitly held that a private cause of action exists under CUTPA to enforce alleged CUIPA violations.Mead v. Burns, supra, 199 Conn. 666. However, as discussed above, the single act of misconduct alleged by the plaintiff against the defendants, Maryland Casualty and Zurich American, does not constitute a general business practice. Therefore, the motion to strike the fifth count of the plaintiffs complaint is also granted.[2]
 CONCLUSION
The defendants' motion to strike the third, fourth and fifth counts of the plaintiffs complaint is hereby granted.
MINTZ, J.